UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

22

---

FAZAL RAHEMAN
            Petitioner

       V

DAVID WINN
(Warden, FMC, Devens, Ayer, MA)
            Respondent

---

**Petition Pursuant to 28 USC 2241 and 28 USC 2201**

# 05-40039 

    Petitioner, in the above captioned cause respectfully moves this Honorable Court pursuant to 28 USC §2241 for granting relief from denial of 59 days of credit for official detention in a Community Corrections Center (CCC), and pursuant to 28 USC §2201 for declaration that 18 USC 1204 is not a "crime of violence" or aggravated felony, so as to preclude petitioner's placement in CCC.

**Statement of Jurisdiction**

    The issues pertain to constitutional errors committed by Bureau of Prisons (BOP) in computing the Petitioner's release date without applying credits for BOP's prior custody in Community Corrections Center (CCC), and his eligibility for CCC placement pursuant to Goldings v Winn, 383 F 3d 25, 30 (1st Cir 2004) and Leocal v Ashcroft, 160 L Ed 2d 271 (2004). The respondent is the custodian of the Petitioner, and the facility is located in Worcester County within the territorial jurisdiction of this Honorable Court. The Court therefore has 28 USC 1331 federal question jurisdiction and jurisdiction pursuant to 28 USC §2241.

**Statement of Issues**

    **The Petition presents the following questions challenging the denial of Due Process in computing Petitioner's release date and his eligibility for CCC placement:**

I.    Whether an order of commitment to CCC during the pendency of Appeal is official detention under 18 USC §3585 for the purpose credit for prior custody?

II.   If yes, whether Reno v Koray, 515 US 50, 61, 63 (1995) and Goldings v Winn, 383 F 3d 25, 30 (1st Cir 2004) mandate a credit of 59 days the Petitioner spent in BOP custody in CCC?

III. Whether 18 USC §1204 is a "crime of violence" or aggravated felony pursuant to Leocal v Ashcroft, 160 L Ed 2d 271 (2004), so as to preclude Petitioner's eligibility for placement in CCC?

-1-

**Statement of Facts**

Petitioner was released from a 36 months sentence for an offense under 18
USC §1204[1]. He was released on February 18, 2004. Six days prior to his
release and 10 days prior to issue of the First Circuit mandate affirming the
conviction, United States v Raheman, 355 F 3d 40(1st Cir 2004), the District
Court scheduled a "Status Hearing" on February 12, 2004. In this hearing the
Court ordered detention in Coolidge House, a Community Corrections Center (CCC)
in Boston until petitioner found a suitable housing within Massachusetts.

On September 15, 2004 Petitioner was arrested and on October 18, 2004,
sentenced to one year and one day for violation of supervised release. On
December 1, 2004, Petitioner was transferred to the Federal Medical Center,
Ayer, MA 01432 to serve the remaining of his sentence. On December 8, 2004, he
had a review meeting with his Unit Team when he was informed that he would
eligible for CCC placement, the details of which will be finalized by his next
Unit Team review on March 9, 2005. On or about December 16, 2004, Petitioner
received a copy of his Sentence Monitoring Computation Data Sheet calculating
July 30, 2005 as his projected GCT release date. See Appendix [A1-7][2]. To
Petitioner's surprise the sentence computation did not include the credit for
the 59 days (from 2-18-04 through 4-16-04) he had spent in CCC detention, which
was neither part of his maximum permissible sentence of 36 months for the 18 USC
§1204 offense, nor part of the condition of supervised release, both of which
were under review before First Circuit, when the District Court ordered the CCC
placement on February 12, 2004. [A.4] (The BOP Computation now categorizes it as
2-12-04 MODIFIED COND OF SRT TO INCLUDE 6 MOS CCC COND). Petitioner immediately
brought the discrepancy to the notice of his Case Manager, who advised him to
take it to the Inmate Systems, who actually compute the release date. On
December 22, 2004, Petitioner filed a written grievance with the Inmate Systems,

---

[1] **18 USC §1204 - Whoever removes a child from the United States or retains a child
(who has been in the United States) outside the United States with intent to
obstruct the lawful exercise of parental rights shall be fined under this title or
imprisoned not more than 3 years, or both.**
  (a) **As used in this section-**
      (1) **the term "child" means a person who has not attained the age of 16
          years; and**
      (2) **the term "parental rights", with respect to a child, means the right
          to physical custody of the child-**
      (A)**whether joint or sole (and includes visiting rights) and**
      (B)**whether arising by operation of law, court order, or legally binding
          agreement of the parties.**
[2] The Appendix is herein cited as [A.page]

[A.8], which was promptly responded on December 28, 2004, denying the credit stating that

> "the time at the Coolidge House was part of the conditions of your Supervised Release. I've enclosed a copy of the JCC that pertains to your supervised release". [A.8].

The copy of the JCC, [A.9], that was attached with the denial was an order dated April 15, 2004, which was in fact the day when his release from the CCC was authorized because he had found a suitable housing within Massachusetts, through his employer. On January 3, 2005, Petitioner again filed a response to the denial, [A.10-11], explaining that his commitment to CCC was not according to the April 15, 2004 JCC, but ordered on February 12, 2004, which was before the District Court had acquired any jurisdiction to modify or enter new judgment on matter that was still pending before the First Circuit. Id. The Bureau has not responded to Petitioner's submission, thereby making it impossible to take the dispute to the next level of remediation. Furthermore, sometime in the week of February 7, 2005, his Case Manager informed him that his paper work for CCC placement processing has been returned as he has an immigration detainer.  On his request for a copy of the detainer, he was provided with an old detainer of October 2003. [A.12]. This detainer was in fact removed in January 2004, before his release on February 18, 2004. With the credit for his prior CCC confinement, his release date is computed to June 1, 2005 instead of July 30, 2005; and his 10% CCC placement date will be in the last week of April instead of no CCC placement. Although Bureau has not responded to petitioner's grievances, his supervisory staff has clearly indicated they cannot do any thing to remedy the irreparable harm, which is imminent within the next few weeks.

### Exhaustion of Remedies

Traditionally federal courts have recognized an urgency in exercising jurisdiction when attempts to exhaust other remedies are exercise in futility. Monahan v Winn, 276 F Supp 2d 196 (D Mass 2003); Iacoboni v United States, 251 F Supp 2d 1015,n1(D Mass 2003) ("futility of administrative remedy would excuse the failure to exhaust") citing Fuller v Rich, 11 F 3d 61,62(5th Cir 1994), Ezratty v Commonwealth of Peurto Rico, 648 F 2d 770,774(1st Cir 1981) (exhaustion not required when the issue is a "pure matter of law"). Furthermore, Second Circuit has articulated a four-prong test in Guitard v US Secretary of Navy, 967 F 2d 737, 741 (2nd Cir 1992).

> Exhaustion of administrative remedies may not be required when: (1) available remedies provide no "genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; (4) in certain instances a plaintiff has raised a substantial constitutional question."

See Id, 741 (citation and internal quotes omitted). In the facts and
circumstances of the instant case all four prongs of the Guitard test are met.
Since, Petitioner's request for credit and placement in CCC has remained
unanswered within the stipulated time limit of 20 days, and it has been a firm
nationwide BOP policy prior to First Circuit's Goldings decision (it still is
except in the Circuits which ruled CCC as a place of imprisonment) not to treat
CCC on par with imprisonment, any relief within the BOP administrative process
is not possible.  Furthermore, with the arguable final release date being June
1, 2005, and eligibility date for CCC placement already passed, the non-response
from BOP authorities has made the exhaustion of administrative remedies,
impossible, causing continuing "irreparable injury."  Finally, since the facts
are not disputed the ultimate issues here are "pure matter of law", Ezratty
supra, and a "substantial constitutional question", Guitard supra.  It is the
province of the courts - - not the DOJ - - to interpret statutory law.
Petitioner therefore contends that the instant case is clearly exempt from the
PLRA requirement.

**Standard of Review**

      As the questions raised are pure questions of law based on undisputed
facts this Honorable Court will review the issue "de novo".

**Arguments**

**I. Whether an order of commitment to CCC during the pendency of Appeal is
    official detention under 18 USC §3585 for the purpose credit for prior
    custody?**

    In Reno v Koray, 515 US 50, 63-65 (1995) the Supreme Court "recogniz[ed] that
time spent in community confinement subject to BOP custody entitles a prisoner
to sentencing credit, while community confinement on pretrial release does not,
because unlike defendants released on bail, defendants who are detained or
sentenced always remain subject to the control of the Bureau."  See Monahan v
Winn, 276 F Supp 2d 196, 206 (D Mass 2003), also Goldings v Winn, 383 F Supp 2d 17,
28 (1st Cir 2004) ("detention in a CCC subject to the control of BOP may be
credited against a term of imprisonment under 18 USC §3585").

18 USC §3585 provides that:
A defendant shall be given credit toward the service of a term of imprisonment
for any time he has spent in official detention prior to the date the sentence
commences;
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after
        the commission of the offense for which the sentence was imposed;
**that has not been credited against another sentence.**

Petitioner was placed in "official detention" in CCC[3] pursuant to an order entered on February 12, 2004, in a "Status Hearing", approximately 6 days prior to his full release date[4] and during the pendency of his appeal. No matter what the form of District Court order was, in substance it cannot be construed to modify a judgment that is still pending before the Court of Appeals. The District Court just does not have jurisdiction to modify the judgment under appellate review. "[F]orm is not to be exalted over substance." Sanabria v United States, 57 L Ed 2d 43,55 (1978). Because of the following bedrock requirements for any kind of sentencing (whether new, modification or correction of sentence) that "Status Hearing" cannot be construed anything else than a "Detention Hearing":

1. District Court has no authority to modify sentence during the pendency of the appeal[5].

2. "[I]t is well-settled - - defendant h[a]s "absolute right" of allocution at his sentencing"[6]. There was no such allocution as the Court entered an official detention order.

3. On sentencing the Court has mandatory duty to "advise the defendant any right to appeal". See Fed R Crim P 32(j)(1)(B)[7].

It is therefore clear that, when Appeal was still pending and Rule 32 mandates were not followed, the February 12th "Status Hearing" could only be construed as

---

[3] Cf Hayes v United States, 281 F 3d 724 (8th Cir 2002)(confinement in CCC is "in custody" for the purpose of US Sentencing Guidelines), United States v Swanson, 253 F 3d 1220(10th Cir 2001)(CCC confinement is "in custody" for the purpose of the "escape from custody" statute). United States v Draper, 996 F 3d 982(9th Cir 1993)(same).

[4] The copy of the order the Inmate Systems produced was entered April 15, 2004, on the day when petitioner's release from CCC was actually authorized and eventually effectuated the next day on April 16, 2004, after 59 days of confinement, which commenced on February 18, 2004.

[5] Whether new, modified or sentence on remand; Whether sentence of imprisonment, Probation or Supervised Release, the District Court does not have jurisdiction to new or modified sentence when the Appeal is still pending. In the instant case the First Circuit Mandate was issued on February 21, 2004, 9 days after the February 12th "official detention" order. Because the appeal was still pending when that order was entered it cannot be a modification of any component of the sentence, in accordance with Rules of Criminal Procedure.

[6] United States v Sparrow, 673 F 2d 862, 865 (5th Cir 1982), United States v Foss, 501 F 2d 522 (1st Cir 1974) ("it is a right not a privilege"); United States v Lujan, 936 F 2d 406 (9th Cir 1991) (absolute right to allocution); United States v Anderson, 987 F 3d 251, 261(5th Cir 1991)(same); United States v Medina, 90 F 3d 459(11th Cir 1996)(same). Also see Fed R Crim P Rule 32(a)(4)(A).

[7] Courts have held that failure to advise the right to appeal is clearly a "reversible error". Therefore if the Court intended the "Status Hearing" to be a "Sentence Modification Hearing", it would have complied with this mandatory requirement of Fed R Crim P, Rule 32(j)(1)(B).

"Detention Hearing" in which the Court entered an "official detention" and not a
new or modification judgment of Supervised Release.

## II. Whether Reno v Koray, 515 US 50, 61, 63 (1995) and Goldings v Winn, 383 F 3d 25 (1st Cir 2004) mandate a credit of 59 days the Petitioner spent in BOP custody in CCC?

The 59 days of BOP custody in CCC are also reflected in BOP records
(including www.bop.gov website). See [A.13]. The factors required under Koray[8]
and Goldings[9] for credit of those 59 days are established. While Goldings
clarified that Supreme Court in Koray authorized credit by BOP for "official
detention" in a CCC and not a pretrial conditional release to CCC under Bail
Reform Act, the First Circuit in Martin infra, "join[ed] the other courts of
appeals in - - allowing crediting of probation against imprisonment" by a re-
sentencing court.  United States v Martin, 363 F 3d 25, 38 (1st Cir 2004) citing
United States v Carpenter, 320 F 3d 334, 345(2nd Cir 2003), United States v
Miller, 991 F 2d 552, 554(9th Cir 1993), United States v Lominac, 144 F 3d 308,
318(4th Cir 1998).  Martin Court cited United States v McMillen, 917 F 2d 773,
777(3rd Cir 1990) "holding that district court must fully credit time served in
a sentence of probation including 30 days served in a community confinement
center."  From the facts it is clear that "official detention" is the only
possible connotation to the original order of CCC confinement issued during the
pendency of the appeal, requiring no Rule 32 compliance.  Therefore the 59 days
credit should be applied to petitioner's release date computation.

## III. Whether 18 USC §1204 is a "crime of violence" or aggravated felony pursuant to Leocal v Ashcroft, 160 L Ed 2d 271 (2004) so as to preclude Petitioner's eligibility for placement in CCC?

In 2002 he was convicted of offenses under 18 USC §1204 (International
Parental Kidnapping Crimes Act - IPKCA)[10], and 18 USC §2251 (Wiretap). If IPKCA is
a "crime of violence" within the meaning of the policy of detaining aggravated

---

[8] Reno v Koray, 515 US 50, 61, 63 (1995)

[9] Goldings v Winn, 383 F 3d 25, 30 (1st Cir 2004)

[10] 18 USC §1204 - Whoever removes a child from the United States or retains a
child (who has been in the United States) outside the United States with intent to
obstruct the lawful exercise of parental rights shall be fined under this title or
imprisoned not more than 3 years, or both.
  (b) As used in this section-
        (1) the term "child" means a person who has not attained the age of 16
           years; and
        (2) the term "parental rights", with respect to a child, means the right
           to physical custody of the child-
        (A)whether joint or sole (and includes visiting rights) and
        (B)whether arising by operation of law, court order, or legally binding
         agreement of the parties.

felony promulgated by Immigration and Naturalization Services, than Petitioner
becomes ineligible for placement in CCC. In his first Unit Team meeting, the
petitioner was initially informed that he is eligible for CCC placement.  But
subsequently, his Case Manager informed him that he couldn't be placed in CCC on
account of an immigration detainer.  He provided petitioner with a copy of
detainer which was issued in October 2003 and removed sometime in January 2004
before his release on February 18, 2004.  To the best of petitioner's knowledge no
new detainer was issued at that time, and his offense is clearly not the
deportable "aggravated felony".  Yet, the petitioner is deprived of his
entitlement to CCC placement.  In Leocal v Ashcroft, 160 L Ed 2d 271 (2004), the
Supreme Court recently determined the meaning of "crime of violence" in 18 USC §16
as used in the definition of "aggravated felony" in the 8 USC §1101(a)(43).
Subsection (a)(43)(F). It reads as follows:

> A crime of violence (as defined in Section 16 of Title 18, but not
> including a purely political offense) for which the term of imprisonment
> at least one year.

In Leocal supra, Supreme Court expounded the meaning of "aggravated felony" in
subsection (a)(43)(F) and "crime of violence" in 18 USC §16 in the context of
the deportation of a defendant convicted of a Florida felony charge of Driving
Under Influence (DUI), which resulted in serious bodily injury to the victims of
his offense. The unanimous Leocal Court provided at least the following 5
factors, as to, why an offence that does not have **mens rea** to **"use of physical
force"** cannot be a crime of violence;

1. Offenses which "do not have a mens rea component" for using physical force
   are not crimes of violence. See Id, 275.

2. The term "use" [in §16(b)] requires active employment" of physical force.
   Id 280.

3. "The "substantial risk" in §16(b) relates to the use of force, not to the
   possible effect of a person's conduct". Id, 281n7.

4. 18 USC §16 "suggests a category of violent, active crimes that cannot be
   said naturally to include [ ] offenses" like IPKCA. Id, 281.

5. "Even if §16 lacked clarity on this point, we would be constrained to
   interpret any ambiguity in the statute in petitioner's favor." Id, 281n8.

Inasmuch as applicability of the Leocal analysis is concerned, respondent's case
is more compelling, because IPKCA neither has physical force as an element of
the offence, nor requires such mens rea to cause physical harm.  Nor, does it
carry any risk of accidental harm to anyone, as was the case in Leocal's DUI
offense.  Leocal is also relevant inasmuch as deportability also affects
Petitioner's eligibility for placement in a CCC.  Importantly if IPKCA was a
deportable offense the Petitioner would not have been committed to CCC during

February 18, 2004 and April 16, 2004.    "BOP had a policy of placing in CCCs some low-risk, non-violent federal offenders who had been sentenced to short periods of imprisonment, including for periods of more than six months." Goldings, 19.  The petitioner is clearly eligible for CCC placement as in fact first advised by his Unit team on December 8, 2004, but subsequently retracted for no substantial reason.

## Conclusion

The facts and circumstances of the case clearly establish that, the Petitioner was detained for 59 days in BOP custody in CCC from February 18, 2004 through April 16, 2004.  The Supreme Court decision in Leocal supra, further establish that petitioner's offense of conviction is not a "crime of violence" or "aggravated felony" so as to preclude his placement in CCC.  For all the above reasons the petitioner therefore prays that this Honorable Court may be pleased to grant him the following relief.

1. Order the respondent to re-compute petitioner's sentence to include 59 days credit towards petitioner's prior detention in CCC.

2. Declare pursuant to 28 USC §2201, that 18 USC §1204 is not a crime of violence as defined under Leocal v Ashcroft, 160 L Ed 2d 271 (2004), so as to preclude an alien from CCC placement.

3. Any other appropriate relief the Court may deem proper.

Respectfully submitted,

Fazal Raheman
Pro Se Petitioner
Reg No. 46236-008
Federal Medical Center, Devens,
Ayer, MA 01432

### CERTIFICATE OF CERVICE

I, Fazal Raheman, hereby certify that I served a copy of the foregoing Petition with its Appendix on the respondent by depositing in the FMC Mailing System on February 25, 2005.

Fazal Raheman

```
   DEVCV  540*23  *              SENTENCE MONITORING           *      12-16-2004
PAGE 001            *          COMPUTATION DATA                *      12:33:19
                                  AS OF 12-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


FBI NO...........: 341482TB6              DATE OF BIRTH: 05-30-1956
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                 QUARTERS.....: G02-231U
DETAINERS........: NO                     NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 06-30-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-30-2005 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 030 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE SUPERVISION REVOKED........: 10-18-2004
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 12-01-2004
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

                  FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00        $00.00          $6,000.00     $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:    1 YEARS      1 DAYS
 DATE OF OFFENSE................: 11-11-1997




G0002       MORE PAGES TO FOLLOW . . .
```

[A-1]

```
  DEVCV   540*23  *              SENTENCE MONITORING            *      12-16-2004
PAGE 002              *          COMPUTATION DATA               *      12:33:19
                                 AS OF 12-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


-------------------------CURRENT COMPUTATION NO: 030 -------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-15-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 10-18-2004
TOTAL TERM IN EFFECT............:    1 YEARS      1 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS      1 DAYS
EARLIEST DATE OF OFFENSE........: 11-11-1997

JAIL CREDIT.....................:   FROM DATE     THRU DATE
                                    09-15-2004    10-17-2004

TOTAL PRIOR CREDIT TIME.........: 33
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 47
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 07-30-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-15-2005


PROJECTED SATISFACTION DATE.....: 07-30-2005
PROJECTED SATISFACTION METHOD...: GCT REL
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
 DEVCV  540*23  *           SENTENCE MONITORING          *     12-16-2004
PAGE 003          *          COMPUTATION DATA            *     12:33:19
                             AS OF 04-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


FBI NO...........:                      DATE OF BIRTH: 05-30-1956
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                QUARTERS.....: G02-231U
DETAINERS........: NO                    NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-16-2004 VIA SUPV REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE COMMITTED..................: 02-18-2004
HOW COMMITTED...................: 3583 SUPERVISED RLSE CCC COMT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.:  $200.00        $00.00          $6,000.00     $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

 SENTENCE PROCEDURE.............: 3583 SUPV RELEASE CCC COMMITMENT PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:    6 MONTHS
 TERM OF SUPERVISION............:   36 MONTHS
 DATE OF OFFENSE................: 11-11-1997




G0002      MORE PAGES TO FOLLOW . . .
```

```
 DEVCV  540*23  *              SENTENCE MONITORING          *    12-16-2004
PAGE 004          *            COMPUTATION DATA             *    12:33:19
                               AS OF 04-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


--------------------------PRIOR COMPUTATION NO: 020 --------------------------

COMPUTATION 020 WAS LAST UPDATED ON 02-18-2004 AT CBN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:    020 010

DATE COMPUTATION BEGAN..........: 02-18-2004
TOTAL TERM IN EFFECT............:    6 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    6 MONTHS
EARLIEST DATE OF OFFENSE........: 11-11-1997

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 08-17-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-17-2004


ACTUAL SATISFACTION DATE........: 04-16-2004
ACTUAL SATISFACTION METHOD......: SUPV REL
ACTUAL SATISFACTION FACILITY....: CBN
ACTUAL SATISFACTION KEYED BY....: RAD

DAYS REMAINING..................: 123
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: 2-12-04 MODIFIED COND OF SRT TO INCLUDE 6 MOS CCC COND.
                4-16-04 RELEASED PER USPO/APPROVED HOUSING.




G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVCV  540*23  *          SENTENCE MONITORING          *      12-16-2004
PAGE 005           *          COMPUTATION DATA            *      12:33:19
                              AS OF 02-18-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


   FBI NO...........: 341482TB6          DATE OF BIRTH: 05-30-1956
   ARS1.............: DEV/A-DES
   UNIT.............: G UNIT              QUARTERS.....: G02-231U
   DETAINERS........: NO                  NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-16-2003

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 02-18-2004 VIA GCT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE COMMITTED..................: 10-17-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00       $00.00          $6,000.00    $00.00

RESTITUTION...: PROPERTY: NO  SERVICES:  NO       AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....: 899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

  SENTENCE PROCEDURE..............: 3559 PLRA SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
  TERM OF SUPERVISION............:   36 MONTHS
  DATE OF OFFENSE................: 11-11-1997




G0002      MORE PAGES TO FOLLOW . . .
```

[A 5]

```
   DEVCV  540*23 *              SENTENCE MONITORING              *    12-16-2004
PAGE 006 OF 006 *              COMPUTATION DATA                 *    12:33:19
                               AS OF 02-18-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-30-2002 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 09-09-2002
TOTAL TERM IN EFFECT............:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 11-11-1997

JAIL CREDIT.....................:  FROM DATE     THRU DATE
                                   07-09-2001    09-08-2002

TOTAL PRIOR CREDIT TIME.........: 427
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 141
TOTAL GCT EARNED................: 141
STATUTORY RELEASE DATE PROJECTED: 02-18-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-08-2004


ACTUAL SATISFACTION DATE........: 02-18-2004
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: DEV
ACTUAL SATISFACTION KEYED BY....: HLA

DAYS REMAINING..................: 141
FINAL PUBLIC LAW DAYS...........: 0
```

G0000      TRANSACTION SUCCESSFULLY COMPLETED

```
   DEVCV   542*22  *               SENTENCE MONITORING              *       12-16-2004
   PAGE 001 OF 001  *                 GOOD TIME DATA                *       12:32:35
                                     AS OF   12-16-2004

   REGNO...: 46236-008   NAME: RAHEMAN-FAZAL, FAZAL UR
   ARS 1...: DEV A-DES                                         PLRA
   COMPUTATION NUMBER..: 030                       FUNC..: PRT   ACT DT:
   LAST UPDATED:  DATE.: 12-15-2004                FACL..: DEV    CALC: AUTOMATIC
   UNIT................: G UNIT                     QUARTERS............: G02-231U
   DATE COMP BEGINS....: 10-18-2004                COMP STATUS.........: COMPLETE
   TOTAL JAIL CREDIT...: 33                         TOTAL INOP TIME.....: 0
   CURRENT REL DT......: 09-15-2005 THU             EXPIRES FULL TERM DT: 09-15-2005
   PROJ SATISFACT DT...: 07-30-2005 SAT             PROJ SATISF METHOD..: GCT REL
   ACTUAL SATISFACT DT.:                            ACTUAL SATISF METHOD:
   DAYS REMAINING......:                            FINAL PUBLC LAW DAYS:

   -------------------------GOOD CONDUCT TIME AMOUNTS-------------------------

    START      STOP      MAX POSSIBLE TO    ACTUAL TOTALS    VESTED    VESTED
    DATE       DATE      DIS   FFT        DIS     FFT        AMOUNT     DATE
    09-15-2004 07-30-2005  47              0       0

       TOTAL EARNED AMOUNT...........................................:      0
       TOTAL EARNED AND PROJECTED AMOUNT.............................:     47
```

G0005        TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

BP-S148.055  **INMATE REQUEST TO STAFF CDRFM**
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr Amico, Inmate Systems | December 22, 2004 |
| FROM: Raheman Fazal | REGISTER NO.: 46236-008 |
| WORK ASSIGNMENT: Tutor, Education | UNIT: GA |

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to respond to your request.)

Sir,

     As presented in my Sentence Monitoring Computation Sheet on page #4, I was committed to CCC detention from February 18, 2004 through April 16, 04. First Circuit recently established that, "[a] community correction center is a correctional facility and therefore may serve as prisoner's place of imprisonment." See Goldings v Winn, 383 F 3d 17, 28 (1st Cir 2004). Citing Supreme Court precedent Goldings Court further stated that "detention in a CCC subject to the control of BOP may be credited against a term of imprisonment under 18 USC §3585." Id, 28.

     The 59 days that I was detained in CCC as required under 18 USC §3585 "has not been credited against another sentence." See 18 USC §3585. I therefore respectfully request that my confinement in the CCC should be credited towards my current sentence, and my release date be accordingly corrected.

                     Respectfully submitted,

                                 Fazal Raheman

Copy: Self                    (Do not write below this line.)

DISPOSITION: MR. RAHEMAN-FAZAL:

You are NOT ENTITLED TO JAIL CREDIT FOR Your time SPENT at Coolidge House AS described ABOVE BECAUSE Your Time at the Coolidge House WAS PART OF the The CONDITIONS of Your Supervised RELEASE. I've enclosed A COPY of the JCC THAT pertains TO the supervised release.

| Signature Staff Member: | Date: 12-28-2004 |
|---|---|

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)



This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



Continuation Page - Supervised Release/Probation

CASE NUMBER: 1:01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page    4 of    6

### Continuation of Conditions of [X] Supervised Release ☐ Probation

The Defendant shall effect the return of the two children to the United States.

The Defendant shall reside in Coolidge House until the U.S. Probation Office approves suitable housing.

The Defendant shall provide proof to the Probation Office that he has filed all appropriate pleadings in all pending litigation in the Indian Courts to bring the children to Boston, Massachusetts.

All other conditions as set forth in this Court's Conditions of Supervised Release dated April 15, 2004 and appended hereto.

[A-9]

BP-S148.055 **INMATE REQUEST TO STAFF** CDRFM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) | DATE: |
|---|---|
| Mr Amico, Inmate Systems | January 3, 2005 |
| FROM: Fazal Raheman | REGISTER NO.: 46236-008 |
| WORK ASSIGNMENT: Tutor, Education | UNIT: |

REFERENCE — Your Response Date December 18, 2004

SUBJECT: (Briefly state your question or concerned the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed

Sir,

In an attempt to respond to CCC promptly to an order entered **on or about** Feb. 12, 04, in a "Status Hearing", about 6 days before my full release date[1]. Because of the following bedrock requirements for any kind of sentencing (whether new, modification or correction), that "Status Hearing" cannot be construed as "Sentencing Hearing" (on Sentence Modification Hearing):
1. District Court has no authority to modify sentence during the pendency of the appeal[2].
2. "[I]t is well-settled – – defendant h[a]s "absolute right" of allocution at his sentencing"[3].
3. On sentencing the Court has mandatory duty to "advise the defendant any right to appeal". See Fed R Crim P 32(j)(1)(B)[4].

It is therefore clear that, when Appeal was still pending and Rule 32 mandates were not followed, the Feb 12th hearing could only be construed as "Status Hearing" in which the Court entered an "official detention" and not a new or modification judgment of Supervised Release. Those 59 days of BOP custody in CCC are also reflected in BOP records (including www.bop.gov website). The factors required under Reno v Koray, Goldings and United States v Martin, analysis for credit of those 59 days are established.

Pursuant to Goldings I am also eligible for immediate CCC placement. Hence my release date be corrected and I should be placed in CCC. I suggest an interview if further clarifications are required.                                    Respectfully submitted,

(PLEASE THE REVERSE FOR FOOTNOTES).                           Fazal Raheman

(Do not write below this line.)

DISPOSITION:

| Signature Staff Member: | Date: |
|---|---|

Record Copy – File; Copy – Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S594.058 **DETAINER ACTION LETTER**    CDFRM
MAR 03
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To: U.S. Immigration & Custom Enforcement<br>    Attn: Todd Fahey<br>    JFK Federal Building<br>    17th Floor, Room 1775<br>    Government Center<br>    Boston, MA    02203 | Institution: Federal Medical Center Devens<br>Post Office Box 880<br>Ayer, MA 01432 |
|---|---|
| | Date: December 30, 2003 |

| Case/Dkt# | Inmate's Name<br>RAHEMAN-FAZAL, Fazal | Fed Reg No.:<br>46236-008 | DOB/SEX/RACE<br>05-30-56/M/O |
|---|---|---|---|
| Aliases | | Other No. ICE A72 180 074 | |

The below checked paragraph relates to the above named inmate:

☐    This office is in receipt of the following report:_____
_____. Will you please investigate this report and advise what disposition, if any,
has been made of the case. If subject is wanted by your department and you wish a detainer
placed, it will be necessary for you to forward a certified copy of your warrant to us along
with a cover letter stating your desire to have it lodged as a detainer. If you have no further
interest in the subject, please forward a letter indicating so.

☐    A detainer has been filed against this subject in your favor charging _____
_____. Release is tentatively scheduled for _____, however,
we will notify you approximately **90** days prior to actual release. **To check on an inmate's
location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate
Locator Website at www.bop.gov.**

☐    Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

X    **Your detainer warrant has been removed on the basis of the attached NOA.    Notify this office
immediately if you do not concur with this action.**

☐    Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____.

☐    I am returning your _____ _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____. If you wish your _____ filed as a detainer,
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☐    Other:


                                        Sincerely,

                                        H.Antkey, Legal Instruments Examiner
                                        (978) 796-1192
                                        For Stephen D. Gagnon,
                                        Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)                    (Replaces BP-394(58) dtd FEB 1994

[A-12]

**FOOTNOTES**

1. The copy of the order this office produced was entered April 15, 2004, on the day my release from CCC was actually authorized and eventually effected the next day on April 16, 2004, after 59 days of confinement which began on February 18, 2004.

2. Whether new, modified or sentencing on remand, Whether sentence of imprisonment, Probation or Supervised Release, the District Court does not have jurisdiction when the Appeal is still pending. In my case the First Circuit Mandate was issued on February 21, 2004, 9 days after the February 12th "official detention" order. Because the appeal was still pending when that order was entered it cannot be a modification of any component of the sentence, in accordance with Rules of Criminal Procedure as established in all the Circuits.

3. US v Sparrow, 673 F 2d 862, 865 (5th Cir 1982), US v Foss, 501 F 2d 522 (1st Cir 1974) ("it is a right not a privilege"), US v Lujan, 936 F 2d 406 (9th Cir 1991) (absolute right to allocution), US v Anderson, 987 F 2d 251, 261 (5th Cir 1993) (same), US v Medina, 90 F 3d 459 (11th Cir 1996) (same). Also see Fed R Crim P Rule 32(a)(4)(A).

4. Courts have held that failure to advise the right to appeal is nearly a "reversible error". Therefore if the COurt intended the "Status Hearing" to be a "Sentence Modification Hearing" it would have complied with the mandatory requirement of Fed R Crim P, Rule 32(j)(1)(B).

5. Reno v Koray, 515 US 50, 61, 63 (1995), Goldings v Winn, 383 F 3d 25, 30 (1st Cir 2004) and US v Martin, 363 F 3d 25 (1st Cir 2004). While Goldings clarified that Supreme Court in Koray supra authorized credit by BOP for "official detention" in a CCC and not a pretrial conditional release to CCC under Bail Reform Act, the First Circuit in Martin supra, "join[ed] the other courts of appeals in – – allowing crediting of probation against imprisonment" by a re-sentencing court. See Martin supra at 38 citing US v Carpenter, 320 F 3d 334, 345 (2nd Cir 2003), US v Miller, 991 F 2d 552, 554 (9th Cir 1993), US v Lominac, 144 F 3d 308, 318 (4th Cir 1998). Martin court cited US v McMillen, 917 F 2d 773, 777 (3rd Cir 1990) "holding that district court must fully credit time served in a sentence of probation icluding 30 days served in a community confinement center." From the facts it is clear that "official detention" is the only possible connotation to the original order of CCC confinement issued during the pendancy of the appeal, requiring no Rule 32 compliance.

[A- 11]



BOP Home Page - Microsoft Internet Explorer provided by America Online

File   Edit   View   Favorites   Tools   Help

Address http://bop.gov/

FIRSTGOV

The White House
President George W. Bush

Text Only

Privacy Policy
Public Info
BOP Directory
Inmate Info.
Inmate Locator
Employment
Acquisition
FOIA Policy
Search
Links
Home

## Federal Bureau of Prisons

faq's   NEW! help

Search Criteria:

Search By: **Identification Number**

First Name: FAZAL    Last Name: RAHEMAN-FAZAL-MALE

Search By: **First and Last Name**

## Inmate Information for FAZAL UR RAHEMAN-FAZAL

**Inmate Register Number :**   46236-008

**Name :**   FAZAL UR RAHEMAN-FAZAL

**Age :**   47

**Race :**   ASIAN

**Sex :**   MALE

**Projected Release Date :**   8/17/2004

**Location :**   BOSTON CCM
15 NEW SUDBURY ST, 22ND FL
BOSTON , MA 02203

**Phone Number :**   (617)565-4293

Americans with Disabilities Act (ADA)Text Links:
Identification Number Search | First and Last Name Search

[A·13]