UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAZAL RAHEMAN
    Petitioner

V                              No. 05-40039-DPW

DAVID WINN
    Respondent

**Motion To Expedite And Grant Judgment On Pleadings**

On February 25, 2005, petitioner served respondent the instant petition through Prison mail system. See <u>Petition, p7</u>. The petition was promptly docketed and acted upon by this Honorable Court on March 1, 2005. This Honorable Court as per the order of March 1, 2005 again served the respondent with the petition.

On April 8, 2005, more than 40 days after the first service, petitioner moved for Judgment On Pleadings, pleading urgency in disposition on account of the prior restraint imposed by respondent on his First Amendment right of expression and access to court. Petitioner's alleged release date is June 1, 2005, less than 5 weeks from now. Moreover, the urgency of relief is further accentuated by the **prior restraint** imposed by the respondent on his First Amendment expression in Court-solicited Oral Argument before the Massachusetts High Court, on April 6, 2005 and thereafter in near future, by prohibiting such protected speech[1]. The respondent has asserted it is not BOP policy to facilitate inmates Court appearances in civil matters. But, if such prior

---

[1] Petitioner will shortly move for injunction pursuant to <u>28 USC§1651</u>, if the prior restraint further jeopardizes his protected judicial speech at the SJC hearing, which was continued to 5-6-05.

1

restraint imposes First Amendment burden, respondent can easily overcome that burden by CCC placement. The very fact that petitioner was first placed in CCC for 59 days followed by 5 months in normal community living, after his conviction establishes his eligibility.

Despite this Court explicitly ordering a reply within 21 days, the respondent chose to ignore the order and now when the petitioner is entitled for a judgment on pleadings, moves for extension of time to file reply. The Motion is untimely and the respondent is clearly acting in bad faith to frustrate the relief that petitioner is entitled to, as a matter of law.

The facts are not disputable. The application of the law to the instant facts is clear. Therefore, for all the above reasons this Honorable Court may be pleased to,
   i)   Expedite the disposition of the instant Petition;
   ii)  Grant petitioner's Motion For Judgment On Pleadings;
   iii) Deny respondent's untimely Motion For Extension of Time.

Respectfully submitted,

Fazal Raheman
Pro Se Petitioner
Reg No. 46236-008, FMC, Devens,
Ayer, MA 01432

**CERTIFICATE OF SERVICE**

I, Fazal Raheman, hereby certify that I served a copy of the foregoing pleading on the counsel for respondent Ms Anita Johnson, AUSA, One Courthouse Way, Suite 9200, Boston, MA 02210, by depositing in the FMC Mailing System first class postage prepaid on April 22, 2005.

Fazal Raheman