UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
                                )
FAZAL RAHEMAN,                  )
                Plaintiff,      )
                                )          CIVIL ACTION
v.                              )          NO. 05-40039-DPW
                                )
DAVID L. WINN, Warden,          )
                Defendant.      )
                                )
```

## OPPOSITION TO PETITION FOR HABEAS CORPUS

### I. FACTUAL BACKGROUND

Petitioner, a citizen of India, is a federal inmate at the Federal Medical Center in Devens, Massachusetts. On or about November 27, 1997, he left the United States, taking his two children with him and transporting them to India. United States v. Fazal-ur-Raheman Fazel a/k/a Fazal Raheman, 355 F.3d 40, 42 (1st Cir. 2004)(hereafter, "Raheman). Petitioner returned to the United States alone on July 4, 2001, seeking admission as a lawful permanent resident. The Immigration Service determined that he was inadmissible on the grounds that he had abandoned his legal resident status, and he was placed into removal proceedings pursuant to 8 U.S.C. 1182(a)(7)(A)(i)(I). Petitioner was then released to await a removal hearing.

On July 9, 2001, Petitioner was arrested and charged with one count of international parental kidnapping in violation of 18 U.S.C. § 1204 and illegal wiretapping in violation of 18 U.S.C.

1

§ 2511. He was convicted on both counts on March 6, 2002. On
September 9, 2002, the District Court sentenced Petitioner to
three years' imprisonment to be followed by three years of
supervised release. Raheman, 355 F.3d at 43. See Declaration
of Patrick W. Ward, Federal Bureau of Prisons, Exhibit A
(sentence monitoring data), Exhibit B (District Court Judgment).
Although the Middlesex Probate court had ordered Petitioner to
return the children to the United States, at the time of his
sentencing, Petitioner had not returned the children. As a
result, the district court imposed as part of the Judgment an
order requiring as follows:

> The Defendant shall forthwith take all
> reasonable measures within his control to
> return the children to the United States so
> that the Middlesex Probate Court (or other
> appropriate court) may determine child
> custody issues . . ."

Raheman, 355 F.3d at 43.

On January 23, 2004, the First Circuit affirmed the
Petitioner's conviction, but reversed and remanded that portion
of the sentence that required him to cooperate "forthwith" in the
return of his children to the United States; see Raheman, 355
F.3d at 53-56; concluding that the district court was without
authority to order the defendant to cooperate in the return of
his children while he was incarcerated and before his term of
supervised release commenced. Id. at 55. However, the Court
suggested that "if an order to return the children were, as

2

originally contemplated, imposed as a condition of supervised

release, it would appear to be lawful and appropriate," citing

United States v. Amer, 110 F.3d 873, 882-83 (2ⁿᵈ Cir. 1997).

Raheman, 355 F.3d at 55. On February 12, 2004, just prior to

completion of Petitioner's sentence of incarceration, the

district court entered an Amended Criminal Judgment modifying the

conditions of Petitioner's 36 month Supervised Release term to

include placement into a Community Correction Center (hereafter,

"CCC") in Boston. See Exhibit C (Amended Judgment). It set

forth the following three additional conditions of supervised

release:

> The Defendant shall effect forthwith the
> return of the two children to the United
> States; the Defendant shall reside in
> Coolidge House until the U.S. Probation
> Office approves suitable housing; and the
> Defendant shall forthwith drop any pending
> warrants against Mrs. [sic] Ali and her
> family and not renew them.

Petitioner entered a CCC under Supervised Release on February 18,

2004.

On February 23, 2004, the district court again amended

Petitioner's sentence, adding the requirement that Petitioner was

to "effect the return of the two children to the United States"

and "to cause the children to be present in courtroom #13 on

April 15, 2004 at 2:30 p.m. See Exhibit D (Second Amended

Judgment). On April 15, 2004, Petitioner was released from the

3

CCC into approved housing, with the continuation of Supervised Release.[1]

On October 18, 2004, the district court revoked Petitioner's Supervised Release and imposed a new sentence of one year, one day of incarceration. See Exhibit F (Report of Violation of Supervised Release for failure to return children); Exhibit G (Amended Judgment). This is the Order under which Petitioner is now incarcerated at FMC Devens. His sentence ends on September 14, 2005. See Exhibit A. If he receives the maximum Good Conduct Time, his projected release date is July 30, 2005.

Meanwhile, pursuant to its Notice of Removal, the Immigration Service set a hearing on Petitioner's immigration status, August 17, 2004. Petitioner did not appear and submitted no pleadings. The Immigration Service re-set the hearing for February 8, 2004. Petitioner did not appear or make filings at the hearing, either. Thereafter, the Immigration Service closed the proceeding, citing to Petitioner's imprisonment. An immigration detainer was placed most recently on Petitioner on April 12, 2005, and remains outstanding. See Exhibit AA.[2]   This

---

[1] Another Amended Judgment and Commitment Order was issued on April 16, 2004, continuing Petitioner's duty to return the children to the United States.   See Exhibit E (Third Judgment).   For a complete account of Petitioner's actions in undermining the Order of the district court to return the children, see Appellee's Brief, filed March 3, 2005, in Petitioner's Second Appeal to the First Circuit.

[2] Previous removal orders are also attached to Ward Decl.

4

detainer obligates the U.S. Bureau of Prison (hereafter, "BOP")
to detain the Petitioner after the conclusion of his sentence, so
that U.S. Immigration may conduct removal proceedings.[3]

## II. ARGUMENT

### (A) Petitioner Is Not Entitled to Good Time Credit for His Supervised Release in a CCC.

#### (1) Petitioner Has Not Exhausted Administrative Remedies.

Although Petitioner claims that he is entitled to
Good Time Credit – and earlier release from imprisonment – for
the period February 18, 2004, to April 16, 2004, while he was in
residence at a CCC as a condition of Supervised Release, he has
not exhausted his administrative remedies at the U.S. Bureau of
Prisons with regard to the claim. His claim has never been
raised before the Bureau of Prisons. See Exhibit H.
Accordingly, the petition should be dismissed under the
traditional requirement that a prisoner must exhaust his
administrative remedies before applying for habeas relief under
28 U.S.C. § 2241. In Rogers v. United States, 180 F. 3d 349,
357-58 (1st Cir. 1999), the Court of Appeals for the First

---

[3] The Immigration Service closed the removal proceeding
against Petitioner rather than issue a removal order against him.
For this reason, Petitioner will have a second chance to present
his arguments against removal to the Immigration Service. If the
Petitioner had wished to have the removal issues settled before his
release from his imprisonment, he could have submitted his
arguments to the Immigration Service in the first proceeding.

Circuit held that "it is well-established" that an inmate's request for credit for prior custody "must be made, in the first instance, to the Attorney General through the Bureau of Prisons." The Court held that judicial review is available only after BOP has calculated the sentence credits and considered the inmate's administrative appeals of the calculation.  28 C.F.R. §§ 542.10 – 542.16.  See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)(petitioner's procedural default of administrative remedies barred judicial review of loss of inmate's good time credits); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990)("It is well settled that an appellant must exhaust his administrative remedies before seeking habeas corpus relief in the federal courts," in case where inmate sought re-calculation of sentence length and immediate release); United States v. Flanagan, 868 F.2d 1544, 1545 (11th Cir. 1989)("granting of credit for time served is in the first instance an administrative, not a judicial function."); see also United States v. Brann, 990 F.2d 103-04 (3rd Cir. 1993) (ripeness for judicial review of sentence credits depends on exhaustion of BOP remedies); Soyka v. Alldredge, 481 F.2d 303, 306 (3rd Cir. 1973)(premature to seek credit toward service of a sentence until inmate has undertaken BOP review procedures).

The principle of administrative exhaustion doctrine has several purposes:

6

> (1) judicial review may be facilitated by
> allowing the appropriate agency to develop a
> factual record and apply its expertise, (2)
> judicial time may be conserved because the
> agency might grant the relief sought, and (3)
> administrative autonomy requires that an
> agency be given an opportunity to correct its
> own errors. . . . (cites omitted).

Arias v. United States Parole Commission, 648 F.2d. 196 (3d Cir.
1981).

The holding of the First Circuit in Rogers v. United States,
is consistent with the First Circuit's recent holding in Sayyah
v. Farquharson, 382 F.3d 20, 24 (1st Cir. 2004), in which the
First Circuit determined that the Court lacked jurisdiction to
hear Petitioner's claims for asylum under 28 U.S.C. § 2241
because petitioner had failed to undertake the traditional,
common law requirement of exhaustion of administrative remedies
before the Immigration Service.[4]

Petitioner may take the position that he is entitled to an
exception to the common-law exhaustion rule because he does not
have the time to undertake the administrative process close to
the end of his sentence.[5]  It is true that exceptions may be made

---

[4] "To hold otherwise would drastically limit the utilization
of a salutary principle customarily applied in respect to
administrative proceedings. Such an interpretation would allow an
alien subjected to an adverse decision to reject the very
administrative review processes established to correct mistakes and
to insist, instead, upon immediate access to a federal court."  Id.
at 26.

See McCarthy v. Madigan, 503 U.S. 140, 146-47 (1992)
(exhaustion required absent undue prejudice to subsequent

to the traditional exhaustion rule for prisoners, see Beharry v. Ashcroft, 329 F. 3d 51, 56-63 (2d Cir. 2003)(setting forth possible exceptions), but this is not the case to meet the "high hurdle" required for an exception. Richmond v. Scribana, 387 F.3d 602, 603 (7th Cir. 2004), since "[a] prisoner cannot manufacture exigency by tarrying." Id. See Sitcha v. MacDonald, __ F. Supp. 2d __, 2005 WL 736521 (D. Mass. 2005) (exceptions to the exhaustion requirements appropriate only in extraordinary circumstances; otherwise inmates will secure judicial review at will).[6] The period for which Petitioner seeks GTC's from this Court ended more than 13 months ago, and Petitioner had ample, indeed, voluminous, time to present his challenge through BOP procedures. Accordingly, there is no reason to waive the requirement of exhaustion for this Petitioner.

## (2) Petitioner Is Not Entitled to GTC's for Supervised Release.

Should this Court choose to approach the substance of Petitioner's GTC claim, the claim would be found to be strikingly weak. 18 U.S.C. § 3624(b)(1) provides that federal inmates are entitled credit toward service of sentence for satisfactory behavior, for "up to 54 days at the end of each year of the

---

assertion of a court action).

[6]See also Franceski v. Bureau of Prisons, 2005 WL 821703 (S.D.N.Y. 2005)(petition for habeas corpus is subject to a judicially imposed exhaustion requirement, although the requirement is not necessarily jurisdictional).

prisoner's term of imprisonment, beginning at the end of the
first year of the term" for good conduct while in prison.
Petitioner claims that he is entitled to this credit for the
period of time that he was in a CCC. However, Petitioner was
assigned to a CCC, February 18, 2004 to April 16, 2004, as a
condition of supervised release, rather than as a portion of his
"term of imprisonment." Supervisory release conditioned upon a
CCC is not subject to good time credit. In Reno v. Koray, 515
U.S. 50, 58 (1995), an inmate argued that he was entitled to
credit against his sentence for time he was released into a
halfway house as a condition of bail. Under 18 U.S.C. § 3585(b),
a prisoner is given sentence credit for time served in
imprisonment prior to conviction. The Supreme Court held that
the prisoner was not entitled to sentence credit because his
residence in the facility was a condition of bail and not
imprisonment subject to the control of BOP. The Court noted that
restrictions on liberty imposed as conditions of supervisory
release are not generally viewed by Congress as part of a
sentence of "imprisonment." Id. at 58.[7] In United States v.
Zackular, 945 F.2d 423, 425 (1st Cir. 1991), the First Circuit
held that imprisonment in the custody of the BOP was a
precondition to sentence credit, and the home confinement ordered

---

[7] The Court also noted that restrictions imposed as part of a
probation sentence are also not considered "imprisonment." Id.

9

by the district court was not actual incarceration and did not qualify for sentencing credit. Similarly, in <u>United States v. Horek</u>, 137 F.3d 1226, 1229 (10th Cir. 1998), the Tenth Circuit held that a sentence of probation conditioned on a halfway house was not imprisonment and was not deductible from the maximum sentence guideline term of imprisonment when defendant was re-sentenced upon revocation of his probation.[8]

Accordingly, not only has Petitioner failed to exhaust his administrative remedies with respect to his argument that he is entitled to GTC's for his supervised release at the CCC, but the authority regarding GTC's for conditions imposed on release is directly to the contrary.

## (B) **Petitioner Is Not Entitled To Release to a CCC At the End of His Sentence.**

The BOP may designate a CCC as the place of an inmate's imprisonment, pursuant to 18 U.S.C. § 3621 (b), which authorizes BOP to designate "any available penal or correctional facility that meets minimum standards . . . . The Bureau may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another," and a CCC is a penal or correctional facility. <u>Goldings v. Winn</u>, 383 F. 3d 17, 26 (1st

---

[8] The Court noted that its result was in accord with <u>United States v. Iverson</u>, 90 F.3d 1340, 1341 (8th Cir. 1996), where the sentence of probation conditioned on home confinement was not to be credited when defendant was re-sentenced upon revocation of probation.

10

Cir. 2004).[9]

Section 3624(c) of 18 United States Code directs that the
BOP designate CCC placement for the end of an inmate's sentence,
as follows:

> The Bureau of Prisons shall, to the extent
> practicable, assure that a prisoner serving a
> term of imprisonment spends a reasonable
> part, not to exceed six months, of the last
> 10 per centum of the term to be served under
> conditions that will afford the prisoner a
> reasonable opportunity to adjust to and
> prepare for the prisoner's re-entry into the
> community.

Thus, the statute "imposes an affirmative obligation on the BOP
to take steps to facilitate a smooth re-entry for prisoners into
the outside world." Goldings v. Winn, 383 F.3d at 22. This is a
qualified obligation, and "does not mandate placement in a CCC
prior to release and it requires the BOP to assure that a
prisoner spends the last part of his sentence under pre-release
conditions only if practicable." Id. at 23.[10]

BOP program guidelines for "Community Corrections Center

___

[9]Assignment to a CCC may be designated by the BOP pursuant to
its § 3621(b) or may be designated by the court as a restriction on
supervised release. The former is to be credited toward the
sentence. Id. at 24-25. As noted above, the latter is not
credited. See also, United States v. Serafino, 233 F. 3d 758, 778
n. 23 (3rd Cir. 2000)("A district court has no power to dictate or
impose a place of confinement for the imprisonment part of the
sentence."); accord United States v. Williams, 65 F.3d 301, 307 (2d
Cir. 1995).

[10] See Blair v. Deboo, 2004 WL 3052022 (D. Conn. 2004)("BOP
retains discretion to decline to place an inmate in a CCC, even if
the inmate is in the applicable time frame.")

11

(CCC) Utilization and Transfer Procedure" (1998) at 10-11,
provide that "Inmates in the following categories shall not
ordinarily participate in CCC programs: . . . . b. Inmates who
are assigned a "Deportable Alien" Public Safety Factor. . . .
f. Inmates with unresolved pending charges, or detainers, which
will likely lead to arrest, conviction, or confinement." See
Exhibit EE. See also, Federal Bureau of Prisons, Judicial
Resource Guide to the Federal Bureau of Prisons (2000) at 15-16
(prisoner may be designated to CCC if he " -- has no detainers or
pending charges.")[11] Because there is an active detainer imposed
by the Immigration Service on the Petitioner, the BOP is clearly
within its discretion to deny CCC placement to Petitioner at the
end of his sentence.

The basis of the detainer is the Immigration Service's
determination that Petitioner is an alien who entered the United
States illegally.[12] It appears that the Petitioner is also
removable for his convictions pursuant to 8 U.S.C. § 1227(a)
(2)(A) for crimes that are aggravated felonies or are crimes of
moral turpitude. These are matters for the Immigration Service

---

[11] Quoted in Howard v. Ashcroft, 248 F. Supp. 2d 518, 531 n.
45 (M.D. La. 2003).

[12] See Katebi v. Ashcroft, 396 F.3d 463 (1st Cir. 2005), where
the First Circuit determined that there was evidence in the record
of the Immigration Service to support the Service's finding that
plaintiff had abandoned his permanent resident status in the United
States.

to decide, and for the Petitioner to exhaust through the
administrative procedures, and Petitioner is incorrect in
requesting that this Court determine now, in the first instance,
whether Petitioner is removable pursuant to the Immigration Laws.

Since there is a detainer against Petitioner set by the
Immigration Service, the BOP is squarely within its written
guidelines and its lawful discretion to deny CCC designation for
Petitioner at the end of his sentence. Moreover, the BOP may
reasonably determine that Petitioner's conduct in kidnaping his
children and setting illegal wiretaps implicates public safety,
particularly where Petitioner has consistently disobeyed the
conditions of supervised release ordered by the Court to return
the children to the United States and has, moreover, actively
undermined the return of the children.

Accordingly, should this Court reach the merits of
Petitioner's claim regarding end of term release to a CCC, it
must find that the BOP is within its discretion to deny CCC
placement for Petitioner.[13]

### III. CONCLUSION

For the foregoing reasons, Respondent requests that the
Petition be denied.

---

[13] The Courts have consistently held that 18 U.S.C. § 3621 does
not create a liberty interest subject to constitutional protection.
See Pizarro Calderon v. Chavez, 327 F. Supp. 2d 131, 135 (D.P.R.
(2004) and cites therein.

13

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:       _____
          ANITA JOHNSON
          Assistant U.S. Attorney
          U. S. Attorney's Office
          John Joseph Moakley
          United States Courthouse
          1 Courthouse Way, Suite 9200
          Boston, MA  02210
          (617-738-3282)

## Certificate of Service

I hereby certify that I have served Petitioner Pro Se,
Inmate No. 46236-008, Federal Medical Center, Devens, Ayer,
Massachusetts 01432, by first class mail, postage prepaid, on
this 10th day of May, 2005.

_____

14

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FAZAL RAHEMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) C.A. No. 05 40039 (DPW) |
| v. | ) |
| | ) |
| DAVID WINN, Warden | ) |
| | ) |
| Respondent. | ) |
| | ) |

## DECLARATION OF PATRICK W. WARD

I, Patrick Ward, hereby make the following declaration:

1.  I am employed by the United States Department of Justice, Federal Bureau of Prisons, at the Federal Medical Center in Devens, Massachusetts (FMC Devens), as an Attorney Advisor. The legal office, from which I am located, is the Consolidated Legal Center - Devens. I have been employed at this position since approximately March 24, 2002.

2.  As an Attorney Advisor, I have access to numerous records maintained in the ordinary course of business at FMC Devens, as well as other institutions, regarding federal prisoners, including, but not limited to, documentary records, Judgment and Commitment files, and computerized records maintained on the Bureau of Prisons computerized data base, SENTRY.

3.  I have access to the various databases and files concerning administrative remedy claims filed pursuant to the Administrative Remedy Program, which are maintained by the Bureau of Prisons in the ordinary course of business. In particular, I have access to SENTRY, which maintains a record of all of the administrative remedies filed by an inmate, the dates thereof, and the dispositions. These records reflect every administrative remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal institution of the Bureau of Prisons.

4.  All Administrative Remedy Requests filed by Bureau of Prisons inmates are logged into the Bureau's SENTRY database. I can retrieve information from this database which details the requests that each inmate has filed.

5.     The Bureau of Prisons has established an administrative remedy procedure whereby inmates can seek formal review of any complaint regarding any aspect of their imprisonment. Petitioner had available to him the four step procedures set forth in the BOP's Administrative Remedy Program. See 28 C.F.R. § 542. The BOP regulations provide "a process through which inmates may seek formal review of an issue which relates to any aspect of their confinement... if less formal procedures have not resolved the matter." 28 C.F.R. § 542.10. In accordance with the BOP's Administrative Remedy Program, an inmate shall first attempt informal resolution of his complaint by presenting the issue informally to staff, and staff must attempt to resolve the issue. See 28 C.F.R. § 54213(a). If the complaint cannot be resolved informally, the inmate may submit a formal written Administrative Remedy Request to the Warden, on a designated form, within twenty days of the event that triggered the inmate's complaint. 28 C.F.R. § 542.14(a). If the inmate's formal request is denied, the inmate may submit an appeal to the appropriate Regional Director of the BOP, within twenty calendar days of the date of the Warden signed the response. 28 C.F.R. § 542.15(a). A negative decision from the Regional Director may in turn be appealed to the General Counsel's office (in the Central Office) within thirty calendar days of the date the Regional Director signed the response. Id. No administrative remedy appeal is considered to have been fully exhausted until considered by the Bureau of Prisons' Central Office. 28 C.F.R. §§ 542.14-542.15. This Program is available to inmates confined at the Federal Medical Center in Devens and would include any issues surrounding prior custody credits, as well as CCC transfer determinations or declinations.

6.     On May 5, 2005, I ran a SENTRY search to determine if inmate Fazal Raheman, Reg. No. 46236-008, had filed any Administrative Remedies. A review of his Administrative Remedy Record revealed that he has utilized the administrative remedy process to file two (2) remedy submissions.     While he has utilized the administrative remedy process to file an administrative remedy submission on March 30, 2005, on the issue of his request for immediate release to a CCC, that submission was rejected and he has thus failed to exhaust the administrative remedy process by filing this habeas petition prior to re-filing his administrative remedies and following through on the required appeals to the Central Office of the BOP. A true and accurate copy of the Administrative Remedy Generalized Retrieval for Petitioner Fazal Raheman is attached as **Document H**.

7.     A review of the SENTRY database indicates that Petitioner filed a Request for Administrative Remedy, Case Number 37185-F1, on or about March 30, 2005, a copy of which is attached hereto as **Document BB**. The Request raised Petitioner's eligibility for immediate placement into a Community Corrections Center (CCC). Petitioner's Request, however, was Rejected by Respondent, Warden Winn, on or about April 4, 2005. The Administrative Remedy Generalized Retrieval Screen for this Remedy submission indicates that it was Rejected under the following codes: (CON)(INF)(RSF). See **Document BB.** These codes indicate that this submission was rejected for Petitioner's failure to submit his request through his Correctional Counselor, as required, and for his failure to attempt an Informal Resolution prior to

-2-

submitting an administrative remedy. Petitioner was advised that he could resubmit his Request in the proper form within 5 days of the date of this rejection.

8. Subsequent to Petitioner's Remedy Request being rejected, on or about April 6, 2005, Petitioner initiated an Informal Resolution attempt, as required by the Administrative Remedy Program. See **Document CC**, Informal Resolution Form. Petitioner's Correctional Counselor and Unit Manager subsequently completed this form and responded by indicating that Petitioner is ineligible for any CCC placement because of his currently pending INS detainer. This Informal Resolution Form was provided to Petitioner on or about May 5, 2005. At the time of this declaration, Petitioner has not had the opportunity to re-file his Administrative Remedy Request with Respondent, nor has he followed through with the required appeal process through the BOP's Northeast Regional Office and the Central Office. Therefore, Petitioner has not exhausted his administrative remedies.

9. Attached hereto as exhibits, please find true and correct copies of the following documents relating to Petitioner Fazal Raheman, Reg. No. 46236-008:
   A.    Sentence Monitoring Computation Data;
   B.    Judgment and Commitment Order(September 9, 2002);
   C.    Amended Judgment and Commitment Order (February 12, 2004);
   D.    Second Amended Judgment and Commitment Order (February 23, 2004);
   E.    Third Amended Judgment and Commitment Order (April 15, 2004);
   F.    U.S. Probation Office Violation Report (September 14, 2004);
   G.    Judgment and Commitment Order (October 18, 2004);
   H.    Administrative Remedy History;
   I.    June 10, 2002 INS Detainer;
   J.    July 18, 2004 INS Detainer;
   K.    Inmate History, Admission-Release;
   L.    October 30, 2002 Detainer Action Letter;
   M.    November 2002 Initial Classification Program Review;
   N.    May 12, 2003 CCC Non-Referral Justification Memorandum;
   O.    May 2003 Program Review;
   P.    August 2003 Program Review;
   Q.    October 27, 2003 BICE Detainer
   R.    November 2003 Program Review;
   S.    November 18, 2003 Supervised Release Plan;
   T.    December 30, 2003 BICE Detainer-Cancelled;
   U.    December 30, 2003 Detainer Action Letter;
   V.    January 6, 2004 Supervised Release Plan;
   W.    December 2004 Program Review;
   X.    Sentence Monitoring Display Detainers;
   Y.    January 27, 2005 CCC Non-Referral Justification Memorandum;
   Z.    February 2005 Program Review;

-3-

AA.    April 12, 2005 BICE Detainer;
BB.    Request for Administrative Remedy, Case Number 371835-F1;
CC.    Informal Resolution Form, and Response;
DD.    Program Statement 5880.28, Sentence Computation Manual (pertinent part);
EE.    Program Statement 7310.04, Community Corrections Center (CCC) Utilization and
       Transfer Procedure (pertinent part);
FF.    Security Designation Data.


I declare the foregoing is true and correct to the best of my knowledge and belief, and given under
penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this 5th day of May, 2005

Patrick W. Ward
Attorney Advisor
Consolidated Legal Center-Devens

**A**

```
  DEVEN  540*23 *              SENTENCE MONITORING              *     04-21-2005
PAGE 006        *              COMPUTATION DATA                 *     11:09:56
                               AS OF 02-18-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


FBI NO...........: 341482TB6              DATE OF BIRTH: 05-30-1956
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                 QUARTERS.....: G02-231U
DETAINERS........: NO                     NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 11-16-2003

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-18-2004 VIA GCT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE COMMITTED..................: 10-17-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $200.00         $00.00          $6,000.00      $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO        AMOUNT: $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    36 MONTHS
 TERM OF SUPERVISION............:    36 MONTHS
 DATE OF OFFENSE................: 11-11-1997
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
   DEVEN  540*23 *              SENTENCE MONITORING               *      04-21-2005
PAGE 007 OF 007 *              COMPUTATION DATA                  *      11:09:56
                               AS OF 02-18-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR

-------------------------PRIOR COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-30-2002 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 09-09-2002
TOTAL TERM IN EFFECT............:    36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS
EARLIEST DATE OF OFFENSE........: 11-11-1997

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    07-09-2001     09-08-2002

TOTAL PRIOR CREDIT TIME.........: 427
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 141
TOTAL GCT EARNED................: 141
STATUTORY RELEASE DATE PROJECTED: 02-18-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-08-2004

ACTUAL SATISFACTION DATE........: 02-18-2004
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: DEV
ACTUAL SATISFACTION KEYED BY....: HLA

DAYS REMAINING..................: 141
FINAL PUBLIC LAW DAYS...........: 0




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

```
   DEVEN   540*23  *            SENTENCE MONITORING            *      04-21-2005
PAGE 001          *             COMPUTATION DATA               *      11:09:56
                                AS OF 04-21-2005

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


FBI NO...........: 341482TB6              DATE OF BIRTH:
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                 QUARTERS.....: G02-231U
DETAINERS........: YES                    NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 06-30-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-30-2005 VIA GCT REL

----------------------CURRENT JUDGMENT/WARRANT NO: 030 ----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01 CR 10274 - PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE SUPERVISION REVOKED........: 10-18-2004
TYPE OF SUPERVISION REVOKED.....: REG
DATE COMMITTED..................: 12-01-2004
HOW COMMITTED...................: COMMIT OF SUPERVISED REL VIOL
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $100.00         $00.00          $6,000.00     $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO       AMOUNT: $00.00

-------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

 SENTENCE PROCEDURE.............: SUPERVISED RELEASE VIOLATION PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:     1 YEARS      1 DAYS
 DATE OF OFFENSE................: 11-11-1997




G0002       MORE PAGES TO FOLLOW . . .
```

```
   DEVEN   540*23 *              SENTENCE MONITORING                *     04-21-2005
PAGE 002           *             COMPUTATION DATA                    *     11:09:56
                                 AS OF 04-21-2005

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR

------------------------CURRENT COMPUTATION NO: 030 ------------------------

COMPUTATION 030 WAS LAST UPDATED ON 12-21-2004 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 030: 030 010

DATE COMPUTATION BEGAN..........: 10-18-2004
TOTAL TERM IN EFFECT............:    1 YEARS       1 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    1 YEARS       1 DAYS
EARLIEST DATE OF OFFENSE........: 11-11-1997

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    09-15-2004     10-17-2004

TOTAL PRIOR CREDIT TIME.........: 33
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 47
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 07-30-2005
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 09-15-2005

PROJECTED SATISFACTION DATE.....: 07-30-2005
PROJECTED SATISFACTION METHOD...: GCT REL




G0002      MORE PAGES TO FOLLOW . . .
```

```
  DEVEN   540*23  *            SENTENCE MONITORING          *      04-21-2005
PAGE 003             *            COMPUTATION DATA            *      11:09:56
                                  AS OF 04-21-2005

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


---------------------------- CURRENT DETAINERS: ----------------------------

DETAINER NO..: 002
DATE LODGED..: 12-21-2004
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT
CHARGES......: IMMIGRATION VIOLATIONS

DETAINER NO..: 003
DATE LODGED..: 04-12-2005
AGENCY.......: IMMIGRATION & NATURALIZATION
AUTHORITY....: BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT
CHARGES......: IMMIGRATION VIOLATIONS
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
  DEVEN  540*23 *             SENTENCE MONITORING              *     04-21-2005
PAGE 004          *          COMPUTATION DATA                  *     11:09:56
                             AS OF 04-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


FBI NO...........:                       DATE OF BIRTH:
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                 QUARTERS.....: G02-231U
DETAINERS........: NO                     NOTIFICATIONS: NO

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE: 04-16-2004 VIA SUPV REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 020 -----------------------

COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE COMMITTED..................: 02-18-2004
HOW COMMITTED...................: 3583 SUPERVISED RLSE CCC COMT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES         COSTS
NON-COMMITTED.: $200.00         $00.00          $6,000.00     $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

 SENTENCE PROCEDURE.............: 3583 SUPV RELEASE CCC COMMITMENT PLRA
 SENTENCE IMPOSED/TIME TO SERVE.:     6 MONTHS
 TERM OF SUPERVISION............:    36 MONTHS
 DATE OF OFFENSE................: 11-11-1997








G0002      MORE PAGES TO FOLLOW . . .
```

```
 DEVEN   540*23 *              SENTENCE MONITORING           *     04-21-2005
PAGE 005          *             COMPUTATION DATA             *     11:09:56
                                 AS OF 04-16-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


--------------------------PRIOR COMPUTATION NO: 020 -------------------------

COMPUTATION 020 WAS LAST UPDATED ON 02-18-2004 AT CBN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 020:   020 010

DATE COMPUTATION BEGAN..........: 02-18-2004
TOTAL TERM IN EFFECT............:     6 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     6 MONTHS
EARLIEST DATE OF OFFENSE........: 11-11-1997

TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 08-17-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 08-17-2004


ACTUAL SATISFACTION DATE........: 04-16-2004
ACTUAL SATISFACTION METHOD......: SUPV REL
ACTUAL SATISFACTION FACILITY....: CBN
ACTUAL SATISFACTION KEYED BY....: RAD

DAYS REMAINING..................: 123
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: 2-12-04 MODIFIED COND OF SRT TO INCLUDE 6 MOS CCC COND.
                4-16-04 RELEASED PER USPO/APPROVED HOUSING.




G0002      MORE PAGES TO FOLLOW . . .
```

```
 DEVEN  540*23 *              SENTENCE MONITORING               *     04-21-2005
PAGE 006        *             COMPUTATION DATA                  *     11:09:56
                             AS OF 02-18-2004
```

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR


```
FBI NO...........: 341482TB6              DATE OF BIRTH:
ARS1.............: DEV/A-DES
UNIT.............: G UNIT                 QUARTERS.....: G02-231U
DETAINERS........: NO                     NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 11-16-2003

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-18-2004 VIA GCT REL

-----------------------PRIOR JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: MASSACHUSETTS
DOCKET NUMBER...................: 1: 01-CR-10274-PBS
JUDGE...........................: SARIS
DATE SENTENCED/PROBATION IMPOSED: 09-09-2002
DATE COMMITTED..................: 10-17-2002
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                    FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $200.00           $00.00         $6,000.00     $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00

--------------------------PRIOR OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  899
OFF/CHG: T18:1204,2511(1)(A) INTERNATIONAL PARENTAL KIDNAPPING,
         INTERCEPTION OF WIRE COMMUNICATIONS

```
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   36 MONTHS
 TERM OF SUPERVISION............:   36 MONTHS
 DATE OF OFFENSE................: 11-11-1997
```

G0002      MORE PAGES TO FOLLOW . . .

```
    DEVEN  540*23 *              SENTENCE MONITORING                *    04-21-2005
 PAGE 007 OF 007 *              COMPUTATION DATA                    *    11:09:56
                                AS OF 02-18-2004

REGNO..: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL UR

--------------------------PRIOR COMPUTATION NO: 010 --------------------------

COMPUTATION 010 WAS LAST UPDATED ON 10-30-2002 AT DEV AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 010:   010 010

DATE COMPUTATION BEGAN..........: 09-09-2002
TOTAL TERM IN EFFECT............:   36 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    3 YEARS
EARLIEST DATE OF OFFENSE........: 11-11-1997

JAIL CREDIT.....................:  FROM DATE      THRU DATE
                                   07-09-2001     09-08-2002

TOTAL PRIOR CREDIT TIME.........: 427
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 141
TOTAL GCT EARNED................: 141
STATUTORY RELEASE DATE PROJECTED: 02-18-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-08-2004

ACTUAL SATISFACTION DATE........: 02-18-2004
ACTUAL SATISFACTION METHOD......: GCT REL
ACTUAL SATISFACTION FACILITY....: DEV
ACTUAL SATISFACTION KEYED BY....: HLA

DAYS REMAINING..................: 141
FINAL PUBLIC LAW DAYS...........: 0
```

G0000       TRANSACTION SUCCESSFULLY COMPLETED

**B**

AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (10/01)

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**FAZAL-UR-RAHEMAN-FAZAL**
**a/k/a FAZAL RAHEMAN**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: 1: 01-CR-10274

Robert Osuna, Esq.
Defendant's Attorney



☐

## THE DEFENDANT:

☐ pleaded guilty to count(s): _____
☐ pleaded nolo contendere to counts(s) _____ which was accepted by the court.
☒ was found guilty on count(s) 1 and 2 of a Superseding Indictment _____ a plea of not guilty.
Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1204 | International Parental Kidnapping | 01/16/02 | 1 |
| 18 USC § 2511(1)(a) | Interception of Wire Communications | 11/11/97 | 2 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through **6** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/56

Defendant's USM No.: 46236-008

Defendant's Residence Address:
103 Firdos Apartments, New Colony,
Nagpur, MS, India 440001

Defendant's Mailing Address:
Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

09/09/02

Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable Patti B. Saris

Name and Title of Judicial Officer

Judge, U.S. District Court

Date    9/12/02

I HEREBY ATTEST AND CERTIFY ON 9/17/02
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT,
DISTRICT OF MASSACHUSETTS
BY: _____

SEP 17 2002

AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1:01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page   2   of   6

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of       36     month(s)

The two additional special conditions of Supervised Release as set forth on page 4 of this judgment are incorporated as a provision of the defendant's sentence in that their compliance is forthwith.

[x]  The court makes the following recommendations to the Bureau of Prisons:

A judicial recommendation to Ft. Devens.

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
    [ ] at_____ on _____
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before _____ on _____
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

CASE NUMBER:  1:01-CR-10274-PBS                                      Judgment - Page  3 of  6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of     36     month(s)

[X] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]      The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1:01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page   4 of  6

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

The Defendant shall forthwith take all reasonable measures within his control to return the children to the United States so that the Middlesex Probate Court (or other appropriate court) may determine child custody issues, and shall cooperate with all authorities in the United States, India, and elsewhere, to effectuate their return.

The Defendant shall forthwith drop any pending warrants against Mrs. Ali and her family and not renew them.

AO 245B   Judgment in a Criminal Case - D. Massac'   : (10/01)
          Sheet 5, Part A — Criminal Monetary Pen.   .s

CASE NUMBER:   1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | $6,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| **Name of Payee** | ***Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
|  |  |  |  |
|  |  |  | ☐ See Continuation Page |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B  Judgment in a Criminal Case - D. Massac
Sheet 5, Part B — Criminal Monetary Pen.    (10/01)

Judgment - Page  6  of  6

CASE NUMBER:  1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐  Lump sum payment of _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance with ☐ C,  ☐ D, or  ☐ E below; or

B ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒  Special instructions regarding the payment of criminal monetary penalties:

The $200.00 Special Assessment is due immediately.

The $6,000.00 Fine is to be paid out during the term of Supervised Release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number, Defendant Name, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.          ☐ See Continuation Page

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B     Judgment in a Criminal Case - D. M :husetts
            Statement of Reasons - Sheet 1

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA                     **STATEMENT OF REASONS**

    V.

FAZAL-UR-RAHEMAN FAZAL                   Case Number: **1: 01-CR-10274-PBS**
a/k/a FAZAL RAHEMAN
                                        Robert Osuna, Esq.
                                        Defendant's Attorney

[ ]  The court adopts the factual findings and guideline application in the presentence report.

**OR**

[X]  The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

See Attachment to Memorandum of Sentencing Hearing and Statement of reasons, dated September 10, 2002.

[ ] See Continuation Page

**Guideline Range Determined by the Court:**

Total Offense Level:      19

Criminal History Category:    I

Imprisonment Range:     30    to 37     months

Supervised Release Range:    2    to 3     years

Fine Range:      $ 6,000.00     to $ 60,000.00

Defendant's Soc. Sec. No.:   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      09/09/02

Defendant's Date of Birth:        Date of Imposition of Judgment

Defendant's USM No.:   46236-008

             Signature of Judicial Officer

Defendant's Residence Address:

103 Firdos Apartments, New Colony,    The Honorable Patti B. Saris
Nagpur, MS, India 440001

           Judge, U.S. District Court
           Name and Title of Judicial Officer

          9/12/02

Defendant's Mailing Address:      Date

Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

AO 245B    Judgment in a Criminal Case - D. M    busetts
           Statement of Reasons - Sheet 2

FAZAL-UR-RAHEMAN FAZAL                                  Statement of Reasons - Page __2__ of __4__

DEFENDANT:        ~/~/~ EAZAI D A UEMANI
CASE NUMBER:      1: 01-CR-10274-PBS

## STATEMENT OF REASONS

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution:    $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

AO 245B    Judgment in a Criminal Ca    D. Massachusetts
Statement of Reasons - She... 3

DEFENDANT:    FAZAL-UR-RAHEMAN FAZAL
CASE NUMBER:    1:    01-CR-10274-PBS

Statement of Reasons - Page 3 of 4

## STATEMENT OF REASONS

[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

### OR

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

### OR

[ ] The sentence departs from the guideline range:

[ ] upon motion of the government, as a result of a defendant's substantial assistance, or

[ ] for the following specific reason(s):

[ ] See Continuation Page

DEFENDANT:        FAZAL-UR-RAHEMAN FAZAL
CASE NUMBER:     1:   01-CR-10274-PBS

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

N/A

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

N/A

C



AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (10/01)

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**FAZAL-UR-RAHEMAN-FAZAL**
**a/k/a FAZAL RAHEMAN**

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 1: 01-CR-10274-PBS**

Date of Original Judgment: 9/9/02

Robert Osuna, Esq.
Defendant's Attorney

**☒** Original Judgment amended to reflect modification to pages 2 and 4.

### THE DEFENDANT:

☐ pleaded guilty to count(s): _____
☐ pleaded nolo contendere to counts(s) _____ which was accepted by the court.
☒ was found guilty on count(s) 1 and 2 of a Superseding Indictment _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1204 | International Parental Kidnapping | 01/16/02 | 1 |
| 18 USC § 2511(1)(a) | Interception of Wire Communications | 11/11/97 | 2 |

☐ See continuation page

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

☐ Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

02/12/04
Date of Imposition of Judgment

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/56

Signature of Judicial Officer

Defendant's USM No.: 46236-008

The Honorable Patti B. Saris

Defendant's Residence Address:
103 Firdos Apartments, New Colony,
Nagpur, MS, India 440001

Name and Title of Judicial Officer

Judge, U.S. District Court

Defendant's Mailing Address:
Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

Date    2|12|0✓



AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1:01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page   2  of   6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      36    month(s)

[x]  The court makes the following recommendations to the Bureau of Prisons:
A judicial recommendation to Ft. Devens.

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
   [ ]  at _____ on _____
   [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ]  before _____ on _____
   [ ]  as notified by the United States Marshal.
   [ ]  as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By  _____
Deputy U.S. Marshal



AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)
CASE NUMBER:  1:01-CR-10274-PBS                                                    Judgment - Page  3 of  6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of      36    month(s)

☒ See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1:01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page  4 of  6

## Continuation of Conditions of ☒ Supervised Release ☐ Probation

The Defendant shall effect forthwith the return of the two children to the United States.

The Defendant shall reside in Coolidge House until the U.S. Probation Office approves suitable housing.

The Defendant shall forthwith drop any pending warrants against Mrs. Ali and her family and not renew them.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
          Sheet 5, Part A — Criminal Monetary Penalties

CASE NUMBER:   1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | $6,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |
| | | | ☐ See Continuation Page |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement   _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

   ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

   ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245 B  Judgment in a Criminal Case - D. Massachu       (10/01)
          Sheet 5, Part B — Criminal Monetary Pena

Judgment - Page  6  of  6

CASE NUMBER:  1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of _____ due immediately, balance due

       ☐ not later than _____ , or
       ☐ in accordance with ☐ C, ☐ D, or ☐ E below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
       _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
       term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:

    The $200.00 Special Assessment is due immediately.

    The $6,000.00 Fine is to be paid out during the term of Supervised Release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Case Number, Defendant Name, and Joint and Several Amount:

☐  The defendant shall pay the cost of prosecution.                    ☐ See Continuation
                                                                          Page

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

**D**



AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (10/01)

# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA

v.



a/k/a **FAZAL RAHEMAN**

**SECOND AMENDED CRIMINAL JUDGMENT**
(For Offenses Committed On or After November 1, 1987)

**Case Number: 1: 01-CR-10274-PBS**

Robert Osuna, Esq.
Defendant's Attorney

Date of First Judgment: 2/12/04

[X] First Amended Judgment amended to reflect modification to page 4.

## THE DEFENDANT:

[ ] pleaded guilty to count(s): _____

[ ] pleaded nolo contendere to counts(s) _____ which was accepted by the court.

[x] was found guilty on count(s) _1 and 2 of a Superseding Indictment_ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1204 | International Parental Kidnapping | 01/16/02 | 1 |
| 18 USC § 2511(1)(a) | Interception of Wire Communications | 11/11/97 | 2 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through _6_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/56

Defendant's USM No.: 46236-008

Defendant's Residence Address:
103 Firdos Apartments, New Colony,
Nagpur, MS, India 440001

Defendant's Mailing Address:
Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

02/23/04

Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable Patti B. Saris
Name and Title of Judicial Officer

Judge, U.S. District Court

Date   2/23/04



AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1:01-CR-10274-PBS                                          Judgment - Page  2  of   6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of       36    month(s)

[x]  The court makes the following recommendations to the Bureau of Prisons:
A judicial recommendation to Ft. Devens.

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
   [ ] at _____ on _____
   [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   [ ] before _____ on _____
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on ___12 - 1 - 2004___ to __FMC  DEVENS___

at Ayer, Massachusetts , with a certified copy of this judgment.

DAVID L. WINN, WARDEN
UNITED STATES MARSHAL

By JOHN A. BISCEGLIA, LT
Deputy U.S. Marshal

AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)

CASE NUMBER:  1:01-CR-10274-PBS                                                Judgment - Page  3 of  6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of        36    month(s)

[x] See continuation page

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[x]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependants and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1:01-CR-10274-PBS

DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page 4 of 6

### Continuation of Conditions of ☒ Supervised Release ☐ Probation

The Defendant shall effect the return of the two children to the United States.

The Defendant shall reside in Coolidge House until the U.S. Probation Office approves suitable housing.

The Defendant shall forthwith drop any requests for pending warrants against Mrs. Ali and her family and not renew them.

The Defendant shall cause the children to be present in Courtroom #13 on April 15, 2004 at 2:30 p.m.

The Defendant shall provide proof to the Probation Office that he has filed all appropriate pleadings in all pending litigation in the Indian Courts to bring the children to Boston, Massachusetts.

AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
          Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page 5 of 6

CASE NUMBER:   1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## CRIMINAL MONETARY PENALTIES

    The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $200.00 | $6,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| | | | |

☐ See Continuation Page

| TOTALS | | $0.00 | $0.00 | |
|---|---|---|---|---|

☐ If applicable, restitution amount ordered pursuant to plea agreement _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine and/or   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine and/or   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    Judgment in a Criminal Case - D. Massachusetts (10/01)
          Sheet 5, Part B — Criminal Monetary Penalties

Judgment - Page    6    of    6

CASE NUMBER:  1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of _____ due immediately, balance due

        ☐ not later than _____ , or
        ☐ in accordance with  ☐ C,    ☐ D, or    ☐ E below; or

B  ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E  ☒  Special instructions regarding the payment of criminal monetary penalties:

   The $200.00 Special Assessment is due immediately.

   The $6,000.00 Fine is to be paid out during the term of Supervised Release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

        Case Number, Defendant Name, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ See Continuation Page

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

E



*AFFIDAVIT VIOLATION VIOLATION*

AO 245B Sheet 1 - Judgment in a Criminal Case - D. Massachusetts (10/01)

# United States District Court

## District of Massachusetts

UNITED STATES OF AMERICA
v.
**FAZAL-UR-RAHEMAN-FAZAL**
**a/k/a FAZAL RAHEMAN**

Date of 2nd Amd. Judgment: 2/23/04

**THIRD AMENDED CRIMINAL JUDGMENT**
(For Offenses Committed On or After November 1, 1987)

**Case Number:**  1: 01-CR-10274-PBS

Robert Osuna, Esq.
Defendant's Attorney

[X] Second Amended Judgment amended to reflect modification to conditions of Supervised Release.

**THE DEFENDANT:**

[ ] pleaded guilty to count(s):
[ ] pleaded nolo contendere to counts(s)_____ which was accepted by the court.
[X] was found guilty on count(s) 1 and 2 of a Superseding Indictment _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC § 1204 | International Parental Kidnapping | 01/16/02 | 1 |
| 18 USC § 2511(1)(a) | Interception of Wire Communications | 11/11/97 | 2 |

[ ] See continuation page

The defendant is sentenced as provided in pages 2 through  6  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) _____ and is discharged as to such count(s).

[ ] Count(s) _____ is  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth:  00/00/56

Defendant's USM No.:  46236-008

Defendant's Residence Address:
103 Firdos Apartments, New Colony,
Nagpur, MS, India 440001

Defendant's Mailing Address:
Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

04/15/04
Date of Imposition of Judgment

Signature of Judicial Officer

The Honorable Patti B. Saris
Name and Title of Judicial Officer

Judge, U.S. District Court

Date  4/15/04

DOCKETED

236



AO 245B Sheet 2 - Imprisonment - D. Massachusetts (10/01)

CASE NUMBER: 1:01-CR-10274-PBS                                    Judgment - Page  2  of   6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of     36    month(s)

[x]  The court makes the following recommendations to the Bureau of Prisons:
A judicial recommendation to Ft. Devens.

[x]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district:
  [ ]  at _____ on _____
  [ ]  as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  [ ]  before _____ on _____
  [ ]  as notified by the United States Marshal.
  [ ]  as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on   12 - 1 - 2004   to   FMC DEVENS
at AYER, MASSACHUSETTS, with a certified copy of this judgment.

                                   DAVID L. WINN, WARDEN
                                   ~~UNITED STATES MARSHAL~~

                                   By JOHN A. BISCEGLIA, U
                                      ~~Deputy U.S. Marshal~~

 

AO 245B  Sheet 3 - Supervised Release - D. Massachusetts (10/01)
CASE NUMBER:  1:01-CR-10274-PBS                                      Judgment - Page  3 of  6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of  **36**  month(s)

 

<span style="float:right">[X] See continuation page</span>

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[  ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

[X]  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated above).

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

 

Continuation Page - Supervised Release/Probation

CASE NUMBER: 1:01-CR-10274-PBS                                      Judgment - Page  4 of  6
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

### Continuation of Conditions of [X] Supervised Release ☐ Probation

The Defendant shall effect the return of the two children to the United States.

The Defendant shall reside in Coolidge House until the U.S. Probation Office approves suitable housing.

The Defendant shall provide proof to the Probation Office that he has filed all appropriate pleadings in all pending litigation in the Indian Courts to bring the children to Boston, Massachusetts.

All other conditions as set forth in this Court's Conditions of Supervised Release dated April 15, 2004 and appended hereto.



AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
          Sheet 5, Part A — Criminal Monetary Penalties

Judgment - Page  5 of  6

CASE NUMBER:   1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on
Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $200.00 | $6,000.00 | |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered
after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid
in full prior to the United States receiving payment.

| **Name of Payee** | **\*Total Amount of Loss** | **Amount of Restitution Ordered** | **Priority Order or Percentage of Payment** |
|---|---|---|---|
| | | | ☐ See Continuation Page |
| **TOTALS** | $0.00 | $0.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement                    _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the
fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be
subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine and/or    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine and/or    ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses
committed on or after September 13, 1994 but before April 23, 1996.



AO 245B   Judgment in a Criminal Case - D. Massachusetts (10/01)
            Sheet 5, Part B — Criminal Monetary Penalties

Judgment - Page   6   of   6

CASE NUMBER:   1: 01-CR-10274-PBS
DEFENDANT: FAZAL-UR-RAHEMAN-FAZAL

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☐  Lump sum payment of _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,  ☐ D, or  ☐ E below; or

B ☐  Payment to begin immediately (may be combined with C, D, or E below); or

C ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☒  Special instructions regarding the payment of criminal monetary penalties:

    The $200.00 Special Assessment is due immediately.

    The $6,000.00 Fine is to be paid out during the term of Supervised Release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Case Number, Defendant Name, and Joint and Several Amount:

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

☐ See Continuation Page

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )          01-CR-10274-PBS
          v.                      )
FAZAL-UR-RAHEMAN FAZAL            )
          Defendant.              )
                                  )

### CONDITIONS OF SUPERVISED RELEASE

April 15, 2004

Saris, U.S.D.J.

1.  Defendant shall effect forthwith the return of the children to the temporary custody of Ms. Ali in the United States.

2.  Defendant shall execute the consent form attached as Exhibit 1.

3.  Defendant shall inform in writing the Family Court in Nagpur, India, the Supreme Court of India, the United States Embassy, and the Commissioner of Police in Nagpur, India, that he withdraws his petition(s) for custody of his children in that country, and requests that the courts vacate all orders of custody in his favor (including but not limited to those orders entered by the Nagpur Family Court on December 2, 1997, September 5, 2000, and December 23, 2002).

4.  Defendant shall inform in writing the Family Court in Nagpur, India, the Supreme Court of India, the United States Embassy, and the Commission of Police in Nagpur, India, that he opposes his mother's temporary custody of the children in India, and requests that the order granting her petition for temporary custody be vacated (including but not limited to the order entered by the Nagpur family Court on January 7, 2002 and the Order entered on February 24, 2004);

5.  Defendant shall inform in writing the Family Court in Nagpur, India the Supreme Court of India, The United States Embassy, and the Commission of Police in Nagpur, India that he opposes any other person's efforts to retain his children in India;

14. Defendant shall file copies of the documents required in ¶2, 3, 4, 5, 10 and 11 and an affidavit that they have been filed in the appropriate jurisdiction by April 30, 2004.

15. All the other conditions are effective immediately upon release.

PATTI B. SARIS
United States District Judge

3

F

**G**

AO 245D (Rev. 3/01) Sheet 1 - Judgment in a Criminal Case for Revocations - D Massachusetts (09/02)

# United States District Court
## District of Massachusetts

UNITED STATES OF AMERICA

v.

**FAZAL-UR-RAHEMAN-FAZAL**
**a/k/a FAZAL RAHEMAN**

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)
(For Offenses Committed On or After November 1, 1987)

**Case Number: 1: 01 CR 10274   - 001 - PBS**

Robert Osuna, Esq.
Defendant's Attorney

## THE DEFENDANT:

☐ admitted guilt to violation of condition(s) _____ of the term of supervision.
☒ was found in violation of condition(s) **I, III, IV** _____ after denial of guilt.

Accordingly, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| I | Special Condition: Defendant shall forthwith take all reasonable measures within his control to return the children to the U.S. so that the Middlesex Probate Court (or other appropriate court) may determine child custody issue, and shall cooperate with all authorities in the U.S., India, and elsewhere, to effectuate their return. (Judgment and Commitment Order dated 9/12/02). The Defendant shall effect forthwith the return of the two children to the U.S. | 09/02/04 |

☒ See continuation page

The defendant is sentenced as provided in pages 2 through 3 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district with 30 days of any change of name, residence, or maling address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 00/00/56

Defendant's USM No.: 46236-008

Defendant's Residence Address:

Plymouth County House of Correction
26 Long Pond Road
Plymouth, MA 02360

Defendant's Mailing Address:
Same as above

10/18/04
Date of Imposition of Judgment

Signature of Judicial Officer

Judge, U.S. District Court
Name & Title of Judicial Officer

Date

I HEREBY ATTEST AND CERTIFY ON ____
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.
CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

Continuation Page - Nature of Violations

CASE NUMBER: **1: 01 CR 10274 - 001 - PBS**                    Judgment - Page 2 of 3
DEFENDANT:
      FAZAL-UR-RAHEMAN-FAZAL

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| | (Judgment and Commitment Order dated 2/12/04) | |
| | The defendant shall cause the children to be present in Courtroom #13 on April 15, 2004 at 2:30 p.m. (Second Amended Judgment and Commitment dated 2/23/04) | |
| | The defendant shall effect forthwith the return of the children to the temporary custody of Ms. Ali in the U.S. (Third Amended Judgment and Commitment dated 4/15/04 | |
| | The Defendant shall make no effort, direct or indirect to oppose Ms. Ali's efforts to return the children to the U.S. (Third Amd. Judgment and Commitment dated 4/15/04) | |
| III | Violation of Special Condition: The defendant shall make no effort, direct or indirect, to undermine any of the written directives outlined herein (Judgment and Commitment dated 4/15/04) | |
| IV | Violation of Special Condition: The defendant shall make no effort, direct or indirect, to oppose Ms. Ali's Efforts to vacate the custody orders entered by the Nagpur Family Court in favor of persons other than Ms. Ali or her representative. (Judgment and Commitment dated 4/15/04) | |

AO 240D (Rev. 3/01) Judgment in a Criminal Case for Revocations: Sheet 2 - Imprisonment

CASE NUMBER:   **1:  01  CR  10274   -  001  -  PBS**
DEFENDANT:         FAZAL-UR-RAHEMAN-FAZAL

Judgment - Page 3 of 3

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of      a year and a day

☐   The court makes the following recommendations to the Bureau of Prisons:

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district.
   ☐ at _____   on _____
   ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
   ☐ before _____ on _____
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Officer.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on  12-01-2004   to  F.M.C. Devens

at  Ayer, MA   , with a certified copy of this judgment.

David L. Winn Warden
~~UNITED STATES MARSHAL~~

By  _____  CE
   ~~Deputy U.S. Marshal~~

**H**

Case 4:05-cv-40039-DPW   Document 9-2   Filed 05/11/2005

```
      FUNCTION: LST  SCOPE: REG    EQ 46236-008   OUTPUT FORMAT: FULL
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
T RCV: FROM _____   THRU _____      DT STS: FROM _____   THRU _____
T STS: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT RDU
T TDU: FROM ___ TO ___ DAYS BEFORE "OR" FROM ___ TO ___ DAYS AFTER DT TRT
TS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
UBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
XTENDED: _ REMEDY LEVEL: _ _            RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
CV  OFC : EQ ____
RACK:  DEPT: _____  _____
       PERSON: _____
       TYPE: ___
VNT FACL: EQ ____
CV FACL.: EQ ____
CV UN/LC: EQ _____
CV QTR..: EQ _____
RIG FACL: EQ ____
RG UN/LC: EQ _____
RIG QTR.: EQ _____
```

0002       MORE PAGES TO FOLLOW . . .

EGNO: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL
SP OF...: DEV UNT/LOC/DST: G UNIT                QTR.: G02-231U   RCV OFC: DEV
EMEDY ID: 293158-F1      SUB1: 22AM SUB2: 16CM DATE RCV:   03-14-2003
NT RCV..: G UNIT        QTR RCV.: G02-229L       FACL RCV: DEV
NT ORG..: G UNIT        QTR ORG.: G02-229L       FACL ORG: DEV
VT FACL.: DEV    ACC LEV:                        RESP DUE:
BSTRACT.:
TATUS DT: 03-14-2003  STATUS CODE: REJ STATUS REASON: INF CON MLT RSF
NCRPTNO.:         RCT:   EXT:   DATE ENTD: 03-14-2003
EMARKS..:

0002       MORE PAGES TO FOLLOW . . .

DEVEN                Case 4:05-cv-40039-DPW   Document 9-2   Filed 05/11/2005   Page 32 of 40
PAGE 003 OF 003 *                         FULL SCREEN FORMAT                    *       14:12:43

REGNO: 46236-008 NAME: RAHEMAN-FAZAL, FAZAL
RSP OF...: DEV UNT/LOC/DST: G UNIT                    QTR.: G02-231U   RCV OFC: DEV
REMEDY ID: 371835-F1       SUB1: 19FM SUB2:           DATE RCV:   03-30-2005
UNT RCV..: G UNIT          QTR RCV.: G02-231U         FACL RCV: DEV
UNT ORG..: G UNIT          QTR ORG.: G02-231U         FACL ORG: DEV
EVT FACL.: DEV      ACC LEV:                          RESP DUE:
ABSTRACT.: REQUESTS TO GO TO COURT AND IMMEDIATE CCC RELEASE
STATUS DT: 04-04-2005   STATUS CODE: REJ STATUS REASON: CON INF RSF
INCRPTNO.:             RCT:   EXT:   DATE ENTD: 04-04-2005
REMARKS..:


                    2 REMEDY SUBMISSION(S) SELECTED
0000        TRANSACTION SUCCESSFULLY COMPLETED

**Immigration Detainer - Notice of Action**

| | |
|---|---|
| | File No. A72 180 074 |
| | Date: June 10, 2002 |

| To: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| U.S. Marshals Service | US INS |
| John J Moakley Courthouse | JFK Federal Building |
| Courthousue Way, Boston 02210 | Government Center |
| | Boston, MA 02203 |

Name of alien: RAHEMAN, Fazal

Date of birth: _____  Nationality: India  Sex: M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☒ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on July 4, 2001 .
(Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**

Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☐ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling _____ during business hours or _____ after hours in an emergency.

Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to _617 565 -1514_ .
(Area code and facsimile number)

☐ Return fax to the attention of _S/A /6/set_ , at _617 565 - 3100_ .
(Name of INS officer handling case)  (Area code and phone number)

☐ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☐ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____ .

_____  Special Agent
(Signature of INS official)      (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _3/6/02_  Latest conviction charge: _Kidnapping_
Estimated release date: _pending_  _sentencing_

Signature and title of official: _____  _Criminal Desk_

Form I-247 (Rev. 4-1-97)

**J**

.S. Department of Justice
Immigration and Naturalization Service

# Immigration Detainer - Notice of Action

|  |  |
|---|---|
| File No. A72 180 074 | |
| Date: July 18, 2002 | |

O: (Name and title of institution)
JS MARSHALS SERVICE
INE COURTHOUSE WAY
OSTON, MA

FROM: (INS office address)
USINS
JFK FEDERAL BLDG
BOSTON, MA 02203

ame of alien:   RAHEMAN, Fazal

ate of birth:                              Nationality:           India           Sex:   M

**ou are advised that the action noted below has been taken by the Immigration and Naturalization ervice concerning the above-named inmate of your institution:**

[ ] Investigation has been initiated to determine whether this person is subject to removal from the United States.

[ ] A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

(Date)

[ ] A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

[ ] Deportation or removal from the United States has been ordered.

**t is requested that you:**

lease accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision ffecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

[ ] Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling 7223-3089 during business hours or 617-773-3090 after hours in an emergency.

[ ] Please complete and sign the bottom block of the duplicate of this form and return it to this office.  ☐ A self-addressed stamped invelope is enclosed for your convenience.  ☒ Please return a signed copy via facsimile to 617-565-4828.
(Area code and facsimile number)

Return fax to the attention of   Todd M. Fahey , at 617-565-3504 .
(Name of INS officer handling case)     (Area code and phone number)

[ ] Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

[ ] Notify this office in the event of the inmate's death or transfer to another institution.

[ ] Please cancel the detainer previously placed by this Service on _____ .

_____          Deportation Officer
(Signature of INS official)               (Title of INS official)

**Receipt acknowledged:**

Date of latest conviction: _____   Latest conviction charge: _____
Estimated release date: _____

Signature and title of official:  John D. Welham , Criminal Desk   7/18/02
John D. Welham

Form I-247 (Rev. 4-1-97) N

**K**

G NO..: 46236-008 NAME....: RAHEMAN-FAZAL, FAZAL UR
.TEGORY: ARS          FUNCTION: DIS          FORMAT:

| ASSIGNMENT | DESCRIPTION | START DATE/TIME | STOP DATE/TIME |
|---|---|---|---|
| A-DES | DESIGNATED, AT ASSIGNED FACIL | 12-01-2004 1413 | CURRENT |
| RELEASE | RELEASED FROM IN-TRANSIT FACL | 12-01-2004 1413 | 12-01-2004 1413 |
| A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 11-19-2004 1333 | 12-01-2004 1413 |
| ADMIN REL | ADMINISTRATIVE RELEASE | 11-19-2004 1333 | 11-19-2004 1333 |
| A-ADMIN | ADMINISTRATIVE ADMISSION | 11-19-2004 1322 | 11-19-2004 1333 |
| SUPV REL | SUPERVISED RELEASE CCC REMOVED | 04-16-2004 1215 | 11-19-2004 1322 |
| A-COM CON | COMMUNITY CONFINEMENT CASE | 02-18-2004 1045 | 04-16-2004 1215 |
| GCT REL | GOOD CONDUCT TIME RELEASE | 02-18-2004 0831 | 02-18-2004 1045 |
| A-DES | DESIGNATED, AT ASSIGNED FACIL | 02-13-2004 1055 | 02-18-2004 0831 |
| RELEASE | RELEASED FROM IN-TRANSIT FACL | 02-13-2004 1055 | 02-13-2004 1055 |
| A-ADMIT | ADMITTED TO AN IN-TRANSIT FACL | 02-11-2004 0741 | 02-13-2004 1055 |
| FED WRIT | RELEASE ON FEDERAL WRIT | 02-11-2004 0741 | 02-13-2004 1055 |
| A-DES | DESIGNATED, AT ASSIGNED FACIL | 06-13-2003 1204 | 02-11-2004 0741 |
| LOCAL HOSP | ESC TRIP TO LOCAL HOSP W/RETN | 06-13-2003 0604 | 06-13-2003 1204 |

02        MORE PAGES TO FOLLOW . . .

G NO..: 46236-008 NAME....: RAHEMAN-FAZAL, FAZAL UR
TEGORY: ARS        FUNCTION: DIS        FORMAT:

```
   ASSIGNMENT DESCRIPTION                         START DATE/TIME STOP  DATE/TIME
   A-DES      DESIGNATED, AT ASSIGNED FACIL       03-11-2003 1840 06-13-2003 0604
   RELEASE    RELEASED FROM IN-TRANSIT FACL       03-11-2003 1840 03-11-2003 1840
   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL      03-11-2003 0731 03-11-2003 1840
   FED WRIT   RELEASE ON FEDERAL WRIT             03-11-2003 0731 03-11-2003 1840
   A-DES      DESIGNATED, AT ASSIGNED FACIL       10-17-2002 1443 03-11-2003 0731
   RELEASE    RELEASED FROM IN-TRANSIT FACL       10-17-2002 1443 10-17-2002 1443
   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL      10-07-2002 1257 10-17-2002 1443
   ADMIN REL  ADMINISTRATIVE RELEASE              10-07-2002 1257 10-07-2002 1257
   A-ADMIN    ADMINISTRATIVE ADMISSION            10-07-2002 1231 10-07-2002 1257
   PRE REMOVE PRE SENT DETAINEE REMOVED           07-25-2001 0657 10-07-2002 1231
   A-PRE      PRE-SENT ADMIT, ADULT               07-24-2001 1948 07-25-2001 0657
   RELEASE    RELEASED FROM IN-TRANSIT FACL       07-24-2001 1948 07-24-2001 1948
   A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL      07-24-2001 1030 07-24-2001 1948
   HLD REMOVE HOLDOVER REMOVED                    07-24-2001 0930 07-24-2001 0930
```

02        MORE PAGES TO FOLLOW . . .

G NO..: 46236-008 NAME....: RAHEMAN-FAZAL, FAZAL UR
TEGORY: ARS          FUNCTION: DIS          FORMAT:

```
ASSIGNMENT DESCRIPTION                       START DATE/TIME STOP  DATE/TIME
A-HLD       HOLDOVER, TEMPORARILY HOUSED     07-19-2001 1630 07-24-2001 0930
```

05          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

L

BP-S394.058  **DETAINER ACTION LETTER** CDFRM
FEB 94
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

---

| To: | Institution FMC Devens – ISM Dept. |
|---|---|
| U.S. Immigration & Naturalization Ser. | P.O. Box 880 |
| JFK Fed. Bldg. Rm. 1725 | Ayer, MA 01432 |
| Boston, MA 02203 | |
| | Date 10/30/02 |

---

**RE: Detainer Lodged**        **Inmate's Name**        **Register No.**

Raheman-Fazal, Fazal Ur        46236-008

---

The below checked paragraph relates to the above named inmate:

☐ This office is in receipt of the following report:

☐ Will you please investigate this report and advise what disposition, if any, has been made of the case. If subject is wanted by your department and you wish a detainer placed, it will be necessary for you to forward a certified copy of your warrant to us along with a cover letter stating your desire to have it lodged as a detainer, or indicate you have no further interest in subject.

**A detainer has been filed against the subject in your favor charging INS Violations. Release is tentatively scheduled for 2/18/04. However, we will again notify you approximately 60 days prior to actual release.**

☐ Enclosed is your detainer warrant. Your detainer against the above named has been removed in compliance with your request.

☐ Your detainer warrant has been removed on the basis of the attached. Notify this office immediately if you do not concur with this action.

☐ Your letter dated _____ Requests notification prior to the release of the above named prisoner. Our records have been noted. Tentative release date is

**Other: DOB:** ▮▮▮▮
**INS: A72180674**

Sincerely

Mr. A. Amico    FOR
Stephen D. Gagnon, Inmate Systems Manager

Signed Record Copies - 1 Addressee. 1 - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section 1); / - Correctional Services Department Copy - 30 Day Suspense

M

```
DEVCT            *           PROGRAM REVIEW REPORT          *        11-13-2002
PAGE 001                                                             13:20:08

INSTITUTION: DEV  DEVENS FMC

NAME.......: RAHEMAN-FAZAL, FAZAL UR             REG. NO: 46236-008
RESIDENCE..: NAGPURA, MS, IN

TYPE OF REVIEW.......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:      May 14, 2003

PROJ. RELEASE DATE..: 02-18-2004          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: May 2003     DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N           IF YES, RECONCILED (Y/N): N/A

PENDING CHARGES.....: possible INS detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)...: if not deporting
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE      yes - violence

CATEGORY        prog rpt  11-18-03    CURRENT ASSIGNMENT - - - - - - -   EFF DATE   TIME
  CUS             IN            IN CUSTODY                            10-08-2002   0922
ineligibleEDI    ESL HAS       ENGLISH PROFICIENT                    11-04-2002   1831
  EDI            GED HAS       COMPLETED GED OR HS DIPLOMA            11-04-2002   1831
  FRP            UNASSG        FINANC RESP-UNASSIGNED                 07-19-2001   1630
  LEV            LOW           SECURITY CLASSIFICATION LOW            10-07-2002   1256
  MDS            REG DUTY      NO MEDICAL RESTR--REGULAR DUTY         10-30-2002   1431
  MDS            YES F/S       CLEARED FOR FOOD SERVICE               10-30-2002   1432
  QTR            G01-103U      HOUSE G/RANGE 01/BED 103U              11-01-2002   1304
  RLG            MUSLIM        MUSLIM                                 11-03-2002   1409
  WRK            A&O           ADMISSION & ORIENTATION                10-17-2002   1443

WORK PERFORMANCE RATING: currently unassigned, pending A:O

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: Not applicable as this is
   his Initial Classification meeting.

FRP PLAN/PROGRESS: At the time of sentencing a $200.00 S.A. was imposed
and a $6,000.00 fine also (fine is deferred until supervision)

RELEASE PREPARATION PARTICIPATION: He is listed as RPP ineligible
   due to his INS status.

CCC RECOMMENDATION: Not eligible due to his INS status.

needs a payment plan. He agrees to make $25 quarterly
payments to begin in March 2003. Payment plan
is subject to review - contingent upon resources.
```

DEVCT        *        PROGRAM REVIEW REPORT        *        11-13-2002
PAGE 002 OF 002                                              13:20:08

PROGRESS MADE SINCE LAST REVIEW: _Not applicable as this his Initial_
_Classification   Meeting_
_____

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____
_- enroll in one Adult Continuing Education Course of interest_
_: recommend complete_
_- make scheduled FRP payment in March 2003_
_- enroll in : complete one Recreational program And /or_
_one correctional counseling group of interest_

LONG TERM GOALS: _We recommend you maintain clear conduct, strive_
_for high sanitation standards, obtain a work Assignment_
_: turn good to outstanding work performance reports,_
_maintain health by exercising on a regular busis, And_
_save at least $5 a month from your institutional_
_earnings for your release needs._

OTHER INMATE REQUESTS/TEAM ACTIONS: _____
_____No questions or concerns @ this time._____
_____
_____

_____Not subject to DNA notification_____
_Deposits  #_
_____407/408 reviewed_____

SIGNATURES: _P Judinser, cu  1/11 c/c_

UNIT MANAGER: _M Arlib_              INMATE: _X_

     DATE: _11-15-02_              DATE: _11-15-02_

N

**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

*P.O. Box 880*
*Ayer, MA 01432*

May 12, 2003

**MEMORANDUM FOR DAVID L. WINN, WARDEN**

**FROM:**        Tony Calabro, Unit Manager

**SUBJECT:**     RAHEMAN-FAZAL, Fazal Ur
                 Reg. No. 46236-008

                 CCC Non-referral Justification

The above named inmate has refused Community Correction Placement (i.e., Home Confinement, Electronic Monitoring, or CCC Placement) or was not recommended nor approved for CCC Placement for the following reason(s):

|      |    |    |
|------|----|----|
| _____ | A. | Poor Institution Adjustment (Attach PD 15). |
| _____ | B. | FRP Refuse (Attach PP37, FRP & Commissary Statement). |
| _____ | C. | DAPS Require Refuse (Attach PP37, DRG). |
| _____ | D. | Violence/Firearms (Attach PPG6). |
| _____ | E. | Escape/CCC. |
| _____ | F. | Sex Offender (Attach PPGO). |
| _____ | G. | Psychiatric Case. |
| **XXX** | H. | Deportable Alien (Attach PPG6). |
| _____ | I. | Unresolved Pending Charges or Detainers. |
| _____ | J. | Unresolved Medical Issue. |
| _____ | K. | Inmate Refused Community Program Placement. |
| _____ | L. | Too Short for Placement (State ARSD/Where Transferred from). |
| _____ | M. | Inmate does not require pre-release transition services. |
|      |    | _____ 1.  Release Residence |
|      |    | _____ 2.  Employment |
|      |    | _____ 3.  Monetary Resources |

**Inmate Raheman-Fazal arrived at FMC Devens, MA, on October 17, 2002, as an initial commitment. He is scheduled for release on February 18, 2004, via Good Conduct Time. He is a citizen of India and it is anticipated that he will be deported. At this time, he has a formally filed INS detainer for possible deportation. Therefore, he will not be referred for a Community Corrections Center placement.**

_____

Inmate Signature (If he refused any Community Programs)                    Date

**Reviewed by:**

_____          5 - 14 - 03
D. Adams, CMC                                    Date

_____          5 | 16 | 03
R. S. Meeks, AW(P)                               Date

_____          5 | 19 | 09
David L. Winn, Warden                            Date

O

```
  DEVCT          *         PROGRAM REVIEW REPORT            *      05-18-2003
PAGE 001                                                          09:08:00

INSTITUTION: DEV  DEVENS FMC

NAME.......: RAHEMAN-FAZAL, FAZAL UR              REG. NO: 46236-008
RESIDENCE..: NAGPURA, MS, IN

TYPE OF REVIEW......: INITIAL CLASSIFICATION PROGRAM REVIEW
NEXT REVIEW DATE....:    August 19, 2003

PROJ. RELEASE DATE..: 02-18-2004        RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE              HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  final          DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):   N/A

PENDING CHARGES.....:    INS detainer for deportation proceeding

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....: if not deported
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE  yes-violence

CATEGORY      - - - - - -   CURRENT ASSIGNMENT - - - - - - - -  EFF DATE    TIME

CMA       PROG RPT      NEXT PROGRESS REPORT DUE DATE      11-18-2003   1619
CMA       RPP INELIG    RELEASE PREP PGM INELIGIBLE        11-18-2002   1620
CMA       V94 CVA913    V94 CURR VIOL ON/AFTER 91394       11-18-2002   1621
CUS       IN            IN CUSTODY                         10-08-2002   0922
DRG       DRG I NONE    NO DRUG INTERVIEW REQUIRED         11-18-2002   1620
EDI       ESL HAS       ENGLISH PROFICIENT                 11-04-2002   1831
EDI       GED HAS       COMPLETED GED OR HS DIPLOMA        11-04-2002   1831
FRP       PART          FINANC RESP-PARTICIPATES           01-01-2003   0916
LEV       LOW           SECURITY CLASSIFICATION LOW        10-07-2002   1256
MDS       REG DUTY      NO MEDICAL RESTR--REGULAR DUTY     10-30-2002   1431
MDS       YES F/S       CLEARED FOR FOOD SERVICE           10-30-2002   1432
QTR       G02-230L      HOUSE G/RANGE 02/BED 230L          04-16-2003   1032
RLG       MUSLIM        MUSLIM                             11-03-2002   1409
WRK       EDUC TUTOR    EDUCATION TUTOR - MAIN             03-11-2003   1840

WORK PERFORMANCE RATING:  He is the recipient of good work
 performance reports. - tutors the GED class

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW:  none.



FRP PLAN/PROGRESS: Participates w/ $25 quarterly payments. 6 month
deposits of $462.04  Balance of $175.00 Special Assessment : $6,000.00
   Next payment schedule for 6/2003                                   Fine
RELEASE PREPARATION PARTICIPATION:
   He is listed as RPP ineligible due to his INS detainer



CCC RECOMMENDATION:  Not eligible due to INS detainer
```

DEVCT                *         PROGRAM REVIEW REPORT         *      05-18-2003
PAGE 002 OF 002                                                    09:08:00

PROGRESS MADE SINCE LAST REVIEW: _on 11/14/02 we recommended he complete an_
_ACE course of interest, make 3/03 FRP payment, & complete either a d/c_
_group or Rec. Program. good progress notd._

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____
_- continue w/ & recommend complete Basics of Astro-Physics,_
_   Advanced Astronomy, & Greek Civilization_
_- claims he may be teaching a Philosophy class_
_- make scheduled FRP payment in June 2003_
_ns he_
_will enroll in & complete a Recreational Program of interest_

LONG TERM GOALS: _We recommend you maintain clear conduct, strive_
_for high sanitation standards, obtain good to outstanding_
_work performance reports, maintain health by exercising_
_on a regular basis, and save at least $3 a month_
_from your institutional earnings for your release_
_needs._

OTHER INMATE REQUESTS/TEAM ACTIONS: _____
_   Advised to refer to Counselor Jones for_
_   legal calls/visit requests_
_____
_____
_____

_Not subject to DNA testing_
_407/408 reviewed_
SIGNATURES: _P. Jenkinson, cm_

UNIT MANAGER: _____        INMATE: _____

    DATE: _5-19-03_               DATE: _5-19-03_

P

```
  DEVCT         *          PROGRAM REVIEW REPORT         *        08-03-2003
PAGE 001                                                          08:46:43

INSTITUTION: DEV  DEVENS FMC

NAME.......: RAHEMAN-FAZAL, FAZAL UR              REG. NO: 46236-008
RESIDENCE..: NAGPURA, MS, IN

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:   Nov 5, 2003

PROJ. RELEASE DATE..: 02-18-2004         RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: final on file   DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):  N/A

PENDING CHARGES.....: formally filed INS detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)...: if not deported
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE   yes-violence

CATEGORY    - - - - - -    CURRENT ASSIGNMENT - - - - - - -    EFF DATE   TIME

CMA         PROG RPT       NEXT PROGRESS REPORT DUE DATE       11-18-2003  1619
CMA         RPP INELIG     RELEASE PREP PGM INELIGIBLE         11-18-2002  1620
CMA         V94 CVA913     V94 CURR VIOL ON/AFTER 91394        11-18-2002  1621
CUS         IN             IN CUSTODY                          10-08-2002  0922
DRG         DRG I NONE     NO DRUG INTERVIEW REQUIRED          11-18-2002  1620
EDI         ESL HAS        ENGLISH PROFICIENT                  11-04-2002  1831
EDI         GED HAS        COMPLETED GED OR HS DIPLOMA         11-04-2002  1831
FRP         PART           FINANC RESP-PARTICIPATES            01-01-2003  0916
LEV         LOW            SECURITY CLASSIFICATION LOW         10-07-2002  1256
MDS         REG DUTY       NO MEDICAL RESTR--REGULAR DUTY      10-30-2002  1431
MDS         YES F/S        CLEARED FOR FOOD SERVICE            10-30-2002  1432
QTR         G02-229L       HOUSE G/RANGE 02/BED 229L           07-11-2003  1235
RLG         MUSLIM         MUSLIM                              11-03-2002  1409
WRK         EDUC TUTOR     EDUCATION TUTOR - MAIN              06-13-2003  1204
```

WORK PERFORMANCE RATING: He is the recipient of good work performance reports

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: none

FRP PLAN/PROGRESS: participates w/ $25 quarterly payments $150.00 balance toward S.A. & $6,000.00 fine

RELEASE PREPARATION PARTICIPATION: He is listed as RPP ineligible due to his INS status

CCC RECOMMENDATION: Not eligible due to his INS status / detainer

needs new contract due to usoura
- wants to do a single $150.00 payment
for S.A.
6 month Deposits of $525.18

```
DEVCT          *        PROGRAM REVIEW REPORT        *      08-03-2003
PAGE 002 OF 002                                             08:46:43
```

PROGRESS MADE SINCE LAST REVIEW: _on 5-19-03 we recommended you complete_
_Astro Physics, Astronomy & Greek civilization, a Rec. Program_
_& continume tutoring_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____

_- make scheduled FRP payments_
_- enroll in and complete one Recreational And/or_
_Health Promotion / Disease Prevention Program_
_of interest_
_- continue tutoring_
_- claims enrolled in Roman History I & II_

LONG TERM GOALS: _We recommend you maintain clear conduct,_
_strive for high sanitation standards, obtain good to_
_outstanding work performance reports, maintain health_
_by exercising on a regular basis, and save_
_at least $3 a month from your institutional_
_earnings for your release needs._
_- Claims he has $15 in Account - encouraged to save $ on_

OTHER INMATE REQUESTS/TEAM ACTIONS: _a monthly basis for release._
_wants to back to India - wants to be_
_deported_

_____
_____
_____

_Not subject to DNA testing_
_407/408 reviewed_

SIGNATURES: _P. Jerkinson, cm_

UNIT MANAGER: _____   INMATE: _____

DATE: ___8/0/03___        DATE: ___8/5/03___

_D. Jones_

**Q**

. Department of Justice
nigration and Naturalization Service

# Immigration Detainer - Notice of Action

| | |
|---|---|
| File No. A72 180 074 | |
| Date: 10/27/2003 | |

| (Name and title of institution) | FROM: (INS office address) |
|---|---|
| 1C Devens | ICE |
| D. Box 880 | JFK Federal Building |
| er, MA 01432 | Government Center |
| J.S. Marshalls | Boston, MA 02203 |

ne of alien: **RAHEMAN, Fazal**

e of birth: ▮▮▮▮▮▮    Nationality: _____ Indian ____    Sex: _M_

**u are advised that the action noted below has been taken by the Immigration and Naturalization vice concerning the above-named inmate of your institution:**

Investigation has been initiated to determine whether this person is subject to removal from the United States.

A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on

_____ .
(Date)

A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____ .
(Date)

Deportation or removal from the United States has been ordered.

**s requested that you:**

se accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision ting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, days and Federal holidays) to provide adequate time for INS to assume custody of the alien. You may notify INS by calling ___617-565-3304___ during business hours or ___617-565-3100___ after hours in an emergency.

Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped elope is enclosed for your convenience. ☒ Please return a signed copy via facsimile to ___617-565-3960___ .
(Area code and facsimile number)

urn fax to the attention of ___Richard Coleman___ , at ___617-565-2503___ .
(Name of INS officer handling case)        (Area code and phone number)

Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

Notify this office in the event of the inmate's death or transfer to another institution.

Please cancel the detainer previously placed by this Service on _____ .

_Richard Coleman_
(Signature of INS official)

_Immigration Agent_
(Title of INS official)

eipt acknowledged:

of latest conviction: _____ Latest conviction charge: _____
nated release date: _____

ature and title of official: _____

Form I-247 (Rev. 4-1-97) N

R

```
  DEVCT          *         PROGRAM REVIEW REPORT          *       11-02-2003
  PAGE 001                                                        09:18:22

  INSTITUTION: DEV  DEVENS FMC

  NAME.......: RAHEMAN-FAZAL, FAZAL UR               REG. NO: 46236-008
  RESIDENCE..: NAGPURA, MS, IN

  TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
  NEXT REVIEW DATE....: _____final_____

  PROJ. RELEASE DATE..: 02-18-2004          RELEASE METHOD.: GCT REL
  PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

  DATE OF NEXT CUSTODY REVIEW: _final on file_ DETAINERS (Y/N): Y

  CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N): ___N/A___

  PENDING CHARGES.....: _Citizen of India - Immigration detainer_

  OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)...: if not deported
     IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE   yes-violence

  CATEGORY    - - - - - - -   CURRENT ASSIGNMENT - - - - - - -   EFF DATE   TIME

  CMA         PROG RPT        NEXT PROGRESS REPORT DUE DATE     11-18-2003   1619
  CMA         RPP INELIG      RELEASE PREP PGM INELIGIBLE       11-18-2002   1620
  CMA         V94 CVA913      V94 CURR VIOL ON/AFTER 91394      11-18-2002   1621
  CUS         IN              IN CUSTODY                        10-08-2002   0922
  DRG         DRG I NONE      NO DRUG INTERVIEW REQUIRED        11-18-2002   1620
  EDI         ESL HAS         ENGLISH PROFICIENT                11-04-2002   1831
  EDI         GED HAS         COMPLETED GED OR HS DIPLOMA       11-04-2002   1831
  FRP         PART            FINANC RESP-PARTICIPATES          10-09-2003   1323
  LEV         LOW             SECURITY CLASSIFICATION LOW       10-07-2002   1256
  MDS         REG DUTY        NO MEDICAL RESTR--REGULAR DUTY    10-30-2002   1431
  MDS         YES F/S         CLEARED FOR FOOD SERVICE          10-30-2002   1432
  QTR         G02-229L        HOUSE G/RANGE 02/BED 229L         07-11-2003   1235
  RLG         MUSLIM          MUSLIM                            11-03-2002   1409
  WRK         EDUC TUTOR      EDUCATION TUTOR - MAIN            06-13-2003   1204
```

WORK PERFORMANCE RATING: _He is the recipient of good work performance reports._

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _none. clear conduct since his arrival_

FRP PLAN/PROGRESS: _participates w/ $25 quarterly payments. Next payment scheduled for Dec. 2003, for fine_

RELEASE PREPARATION PARTICIPATION: _He is listed as RPP ineligible due to his immigration status & detainer_

CCC RECOMMENDATION: _Not eligible due to detainer_

Y Deposits of $533.23

```
DEVCT        *        PROGRAM REVIEW REPORT        *        11-02-2003
PAGE 002 OF 002                                            09:18:22
```

PROGRESS MADE SINCE LAST REVIEW: _positive program participation noted_

GOALS FOR NEXT PROGRAM REVIEW MEETING: _- make scheduled IRP payment in 12/03_
_- continue w/ History of Ancient Rome ; complete by release_
_- continue tutoring GED until release_

LONG TERM GOALS: _Adhere to established FRP contract ; make regular scheduled payments until release. Save at least $5 a month from your institutional earnings for your release needs._

_Acct balance of .63¢ - insufficient savings noted._

OTHER INMATE REQUESTS/TEAM ACTIONS: _- continue to check call outs for Immigration_

_- Discussed clothing for release ; mailing property out (legal material)_

_Not subject to DNA testing_
_407/408 reviewed_

SIGNATURES: _P. Jenkinson, cm_

UNIT MANAGER: _[signature]_                    INMATE: _X [signature]_

DATE: _11.4.03_                                DATE: _11-4-03_

_B. Adams_
_D. Campbell_
_/Brussos_

S

BP-S522.051 **SUPERVISION REL .SE PLAN** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution Name: FMC Devens<br>Address: P.O. Box 880, Ayer, MA 01432<br><br>Phone Number: (978) 796-1000 | Date<br><br>November 18, 2003 |

Federal Bureau of Prisons
U. S. Department of Justice
Washington, D.C.

Gentlemen:

Under the law I become eligible for **RELEASE**   ☒ Supervised Release   on February 18, 2004, via Good
                                                   ☐ Parole                  Conduct Time Release           .
                                                   ☐ Mandatory Release

In accordance therewith I submit the following as my plans for the service of the remainder of my sentence
under supervision.  Pursuant to my sentence, I must report in person to the United States Probation Office
within 72 hours of my release.
(Type or Print)

**RESIDENCE**
Address        Mr. Raheman-Fazal is a Citizen of India.  At this time, he has a possible Immigration &
               Customs Enforcement detainer in his case and it is anticipated he will be deported. If
               not deported, he indicates he has an offer of residence with his cousin at 6 dolphin
               Street, Farmingdale, NY 11735. (Pending approval from U. S. Probation).  Mr. Raheman-
               Fazal indicates that during the pre-trial, he was approved to reside at this residence.

With Whom       Syed W. Quadri

Relationship    Cousin

Telephone Number  (516) 236-9109

**EMPLOYER**
Name            Pending at this time.

Address         N/A

Telephone Number  N/A

Nature of Business  N/A

| TO BE COMPLETED BY INSTITUTION STAFF |
|---|

| | |
|---|---|
| **ENTENCING DISTRICT** | District of Massachusetts.  If not deported, Mr. Raheman-Fazal has a three year term of supervised release. |
| **:TAINERS** | Mr. Raheman-Fazal is a citizen of India.  There is a possible ICE detainer for deportation in his case. |
| **'ECIAL CONDITIONS** | Standard Conditions of Supervision.  In addition, he is subject to the following Special Conditions of Supervision: He shall forthwith take all reasonable measures within his control to return the children to the United States so that the Middlesex Probate Court (or other appropriate court) may determine child custody issues, and shall cooperate with all authorities in the United States, and elsewhere, to effectuate their return; and he shall forthwith drop any pending warrants against Mrs. Ali and her family and not renew them. |
| **:ARKS** | Mr. Raheman-Fazal was not referred for a Community Corrections Center placement due to his possible ICE detainer. |

| | |
|---|---|
| nted Name and Signature of Inmate<br>al Ur Raheman-Fazal | Register No.<br>46236-008 |
| 1ess (Case Manager) Printed Name and Signature<br>:y Jenkinson, Case Manager | Date<br>November 18, 2003 |
| ew (Unit Manager) Printed Name and Signature<br>Calabro, Unit Manager | Date<br>November 18, 2003 |

form is to be completed by all individuals subject to supervision by the U.S. Probation Office.  This
ies Supervised Release, Parole, Mandatory Release, Mandatory Release to Special Parole, Special Parole and
Designated Parole.
l Copy - Institution; Copy - U.S. Probation Office; Copy - Inmate

 form may be replicated via WP)                    This form replaces BP-S522 DTD SEP 95

mailed  11-18-03

T

Dec-30-03   10:58am   From-fbi prints                    3046255587        T-522   P.002/002   F-724
Jul-18-02   11:05am   from-fbi prints                    ... ..   .... .. 6161756654828   P.02

U.S. Department of Justice
Immigration and Naturalization Service                    **Immigration Detainer – Notice of Action**

| | |
|---|---|
| | File No.: A72 180 074 |
| | Date:  July 18, 2002 |

| TO: (Name and title of institution) | FROM: (INS office address) |
|---|---|
| US MARSHALS SERVICE | USINS |
| ONE COURTHOUSE WAY | JFK FEDERAL BLDG. |
| BOSTON, MA | BOSTON, MA 02203. |

Name of alien:  RAHEMAN, Fazal          USMS # 46236-008

Date of birth: ███████          Nationality:          India          Sex:   M

**You are advised that the action noted below has been taken by the Immigration and Naturalization Service concerning the above-named inmate of your institution:**

☐ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____
   (Date)

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____
   (Date)

☒ Deportation or removal from the United States has been ordered.

It is requested that you:

lease accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision
fecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays,
undays and Federal holidays) to provide adequate time for INS to assume custody of the alien.  You may notify INS by calling
773-3089 _____ during business hours or 617-773-3099 _____ after hours in an emergency.

Please complete and sign the bottom block of the duplicate of this form and return it to this office.   ☐ A self-addressed stamped
velope is enclosed for your convenience.   ☒ Please return a signed copy via facsimile to : 617-565-4828
                                                                              (Area code and facsimile number)
turn fax to the attention of  Tody M. Fahey      , at 617-565-3304
   (Name of INS officer handling case)              (Area code and phone number)

Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.
Notify this office in the event of the inmate's death or transfer to another institution.
Please cancel the detainer previously placed by this Service on  12/30/03  TMF

_____                                    _____
(Signature of INS official)                                Deportation Officer
                                                           (Title of INS official)

ipt acknowledged:   Please acknowledge cert.

of latest conviction: _____   Latest conviction charge: _____

ared release date: _____

ure and title of official:  John D. Webber , Central Desk   9/18/02

SUBJECT IN USMS CUSTODY AT PLYMOUTH HOC AWAITING SENTENCING
RESNAPPED DETAINER ON FILE. DY   8/14/02: STILL AT PLYMOUTH
SUBJECT NOW AT FMC DEVENS - DETAINER ON FILE. DY

Form I-247 (Rev. 4-1-97)

**U**

BP-S394.058 **DETAINER ACTION LETTER**  CDFRM
MAR 03
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| To: U.S. Immigration & Custom Enforcement<br>Attn: Todd Fahey<br>JFK Federal Building<br>17th Floor, Room 1775<br>Government Center<br>Boston, MA    02203 | Institution: Federal Medical Center Devens<br>Post Office Box 880<br>Ayer, MA 01432<br><br>Date: December 30, 2003 | |
|---|---|---|
| Case/Dkt# | Inmate's Name<br>RAHEMAN-FAZAL, Fazal | Fed Reg No.:<br>46236-008 | DOB/SEX/RACE<br>███████/O |
| Aliases | | Other No. ICE A72 180 074 | |

The below checked paragraph relates to the above named inmate:

☐    This office is in receipt of the following report:_____
_____ . Will you please investigate this report and advise what disposition, if any,
has been made of the case. If subject is wanted by your department and you wish a detainer
placed, it will be necessary for you to forward a certified copy of your warrant to us along
with a cover letter stating your desire to have it lodged as a detainer. If you have no further
interest in the subject, please forward a letter indicating so.

☐    A detainer has been filed against this subject in your favor charging _____
_____ . Release is tentatively scheduled for _____, however,
we will notify you approximately **90** days prior to actual release. **To check on an inmate's
location, you may call our National Locator Center at: 202-307-3126 or check our BOP Inmate
Locator Website at www.bop.gov.**

☐    Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

X    **Your detainer warrant has been removed on the basis of the attached NOA.    Notify this office
immediately if you do not concur with this action.**

☐    Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____ .

☐    I am returning your _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____ . If you wish your _____ filed as a detainer,
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☐    Other:

Sincerely,

H.Antley, Legal Instruments Examiner
(978) 796-1192
For Stephen D. Gagnon,
Inmate Systems Manager

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)                          (Replaces BP-394(58) dtd FEB 1994)

V

BP-S522.051 **SUPERVISION RELEASE PLAN** CDFRM
SEP 99
**U.S. DEPARTMENT OF JUSTICE**                                    **FEDERAL BUREAU OF PRISONS**

| | |
|---|---|
| Institution Name: FMC Devens<br>Address: P.O. Box 880, Ayer, MA 01432 | Date |
| Phone Number: (978) 796-1000 | January 6, 2004 |

Federal Bureau of Prisons
U. S. Department of Justice
Washington, D.C.

Gentlemen:

Under the law I become eligible for **RELEASE**     ☒ Supervised Release
                                                     ☐ Parole            on February 18, 2004, via Good
                                                     ☐ Mandatory Release  Conduct Time Release            .

In accordance therewith I submit the following as my plans for the service of the remainder of my sentence
under supervision.  Pursuant to my sentence, I must report in person to the United States Probation Office
within 72 hours of my release.
(Type or Print)

**RESIDENCE**
    Address          5003 Westland Boulevard, Baltimore, Maryland 21227

    With Whom         Shahzad Nazim

    Relationship      Nephew

    Telephone Number  (410) 419-4940

**EMPLOYER**
    Name              Pending at this time.

    Address           N/A

    Telephone Number  N/A

    Nature of Business  N/A

| TO BE COMPLETED BY INSTITUTION STAFF | |
|---|---|
| **SENTENCING DISTRICT** | District of Massachusetts.  If not deported, Mr. Raheman-Fazal has a three year term of supervised release. He hopes to relocate his term of supervision from the District of Massachusetts to the District of Maryland. |
| **DETAINERS** | Mr. Raheman-Fazal is a Citizen of India.  He became a resident alien of the U.S. on November 17, 1992.  On October 27, 2003, the Bureau of Immigration & Customs Enforcement (ICE) formally lodged a detainer in his case for Deportation/Removal from the U.S.  However, on December 30, 2003, the detainer was removed. |
| **SPECIAL CONDITIONS** | Standard Conditions of Supervision.  In addition, he is subject to the following Special Conditions of Supervision: He shall forthwith take all reasonable measures within his control to return the children to the United States so that the Middlesex Probate Court (or other appropriate court) may determine child custody issues, and shall cooperate with all authorities in the United States, and elsewhere, to effectuate their return; and he shall forthwith drop any pending warrants against Mrs. Ali and her family and not renew them. |
| **REMARKS** | Mr. Raheman-Fazal was not referred for a Community Corrections Center placement due to his citizenship status and the ICE detainer that was previously lodged. |

| | | |
|---|---|---|
| Printed Name and Signature of Inmate    *Fazal Raheman*<br>Fazal Ur Raheman-Fazal | | Register No.<br>46236-008 |
| Witness (Case Manager) Printed Name and Signature<br>Patty Jenkinson, Case Manager | | Date<br>January 7, 2004 |
| Review (Unit Manager) Printed Name and Signature<br>Tony Calabro, Unit Manager | | Date<br>January 7, 2004 |

This form is to be completed by all individuals subject to supervision by the U.S. Probation Office.  This
includes Supervised Release, Parole, Mandatory Release, Mandatory Release to Special Parole, Special Parole and
not Designated Parole.
Record Copy - Institution; Copy - U.S. Probation Office; Copy - Inmate

(This form may be replicated via WP)                        This form replaces BP-S522 DTD SEP 95



```
 DEVCV          *          PROGRAM REVIEW REPORT          *        12-08-2004
PAGE 001                                                           10:24:18

INSTITUTION: DEV  DEVENS FMC

NAME.......: RAHEMAN-FAZAL, FAZAL UR              REG. NO: 46236-008
RESIDENCE..: BLACKSTONE, MA 01504

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....: _____ March 9, 2005

PROJ. RELEASE DATE..: UNKNOWN            RELEASE METHOD.: UNKNOWN
PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW: _March 2005_ DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N): ___ N/A

PENDING CHARGES.....: _____ unknown  at this  time

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N):
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY     - - - - - -/ CURRENT ASSIGNMENT - - - - - - -  EFF DATE    TIME

CMA          PROG RPT        NEXT PROGRESS REPORT DUE DATE  02-18-2004  1502
CMA          RPP INELIG      RELEASE PREP PGM INELIGIBLE    11-18-2002  1620
CMA          RPP UNT C       RELEASE PREP UNIT PGM COMPLETE 01-20-2004  0903
CMA          V94 CVA913      V94 CURR VIOL ON/AFTER 91394   11-18-2002  1621
CUS          IN              IN CUSTODY                     11-22-2004  0800
EDI          ESL HAS         ENGLISH PROFICIENT             11-04-2002  1831
EDI          GED HAS         COMPLETED GED OR HS DIPLOMA    11-04-2002  1831
FRP          PART            FINANC RESP-PARTICIPATES       10-09-2003  1323
LEV          LOW             SECURITY CLASSIFICATION LOW    10-07-2002  1256
MDS          REG DUTY        NO MEDICAL RESTR--REGULAR DUTY 10-30-2002  1431
QTR          G02-231U        HOUSE G/RANGE 02/BED 231U      12-03-2004  1201
RLG          MUSLIM          MUSLIM                         11-03-2002  1409
WRK          A&O             ADMISSION & ORIENTATION        12-06-2004  1032

WORK PERFORMANCE RATING: _____ pending  A&O
    _____ SRV - recently  Arrived  on  12-1-04

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _ none
```

FRP PLAN/PROGRESS: _Previous commit $200 SA $6,000.00 fine_
_agrees to quarterly payments to begin March 2005 & June 2005_

RELEASE PREPARATION PARTICIPATION: _____
_We recommend you participate in the Pre Release Program as soon as possible_

CCC RECOMMENDATION: _SRV - has employment -_
_will discuss @ next review. claims he is interested_

```
 DEVCV          *        PROGRAM REVIEW REPORT          *      12-08-2004
PAGE 002 OF 002                                               10:24:18
```

PROGRESS MADE SINCE LAST REVIEW: _____ SRV -recently returned on 12-1-04

_____

_____

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____

- enroll in Mr. Prensingh's employment group & complete
by 3-1-2005

- complete one ACE course by 3-1-2005

LONG TERM GOALS: We recommend you maintain clear conduct,
strive for high sanitation standards, obtain
a work assignment & earn good to outstanding
work performance reports, maintain health by
exercising on a regular basis, and save at
least $3 monthly from your institutional earnings
for your release needs. complete all the

OTHER INMATE REQUESTS/TEAM ACTIONS: _____ Release components prior
to release date.

- See Case Manager next week for sentence
computation

- Return the Release Form to Case Manager
by 1-31-2005

SIGNATURES: _____

UNIT MANAGER: Tony Caletra     INMATE: X _____

DATE: 12-9-04       DATE: 12-9-2004

X

```
 DEVEN    541.72  *          SENTENCE MONITORING              *    04-21-2005
PAGE 001            *                DISPLAY DETAINERS              *    11:10:54

REGNO.....: 46236-008  LAST NAME: RAHEMAN-FAZAL          FUNCTION:  DIS
ARS 1.....: DEV A-DES
COMP NO...:            JWAR NO..:                         OBLG NO.:
CURR/PRIOR: C
HARDCOPY..: N

DETAINER NO...: 002
DATE LODGED...: 12-21-2004
AGNCY/JURSDCTN: INS    IMMIGRATION & NATURALIZATION
DETAINING AUTH: BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT
CHARGE/REMARKS: IMMIGRATION VIOLATIONS

DETNR SENTENCE: Y: /   M:     D:

DATE REMOVED..:              -OR-    DATE RELEASED TO DETAINER:



G0002       MORE PAGES TO FOLLOW . . .
```

```
DEVEN   541.72 *        SENTENCE MONITORING              04-21-2005
PAGE 002 OF 002 *          DISPLAY DETAINERS          *  11:10:54

REGNO.....: 46236-008  LAST NAME: RAHEMAN-FAZAL        FUNCTION:  DIS
ARS 1.....: DEV A-DES
COMP NO...:            JWAR NO..:                       OBLG NO.:
CURR/PRIOR: C
HARDCOPY..: N

DETAINER NO...: 003
DATE LODGED...: 04-12-2005
AGNCY/JURSDCTN: INS    IMMIGRATION & NATURALIZATION
DETAINING AUTH: BUREAU OF IMMIGRATION AND CUSTOM ENFORCEMENT
CHARGE/REMARKS: IMMIGRATION VIOLATIONS

DETNR SENTENCE: Y: /   M:     D:

DATE REMOVED..:              -OR-    DATE RELEASED TO DETAINER:



0005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

**Y**

U.S. Department of Justice

Federal Bureau of Prisons

*Federal Medical Center, Devens*

*P.O. Box 880*
*Ayer, MA 01432*

January 27, 2005

**MEMORANDUM FOR DAVID L. WINN, WARDEN**

**FROM:**      Tony Calabro, Unit Manager

**SUBJECT:**   RAHEMAN-FAZAL, Fazal Ur
              Reg. No. 46236-008
              CCC Non-referral Justification

The above named inmate has refused Community Correction Placement (i.e., Home Confinement, Electronic Monitoring, or CCC Placement) or was not recommended nor approved for CCC Placement for the following reason(s):

|        | A. | Poor Institution Adjustment (Attach PD15). |
|--------|----|--------------------------------------------|
|        | B. | FRP Refuse (Attach PP37, FRP & Commissary Statement). |
|        | C. | DAPS Require Refuse (Attach PP37, DRG). |
|        | D. | Violence/Firearms (Attach PPG6). |
|        | E. | Escape/CCC. |
|        | F. | Sex Offender (Attach PPGO). |
|        | G. | Psychiatric Case. |
| XXX    | H. | Deportable Alien (Attach PPG6). |
|        | I. | Unresolved Pending Charges or Detainers. |
|        | J. | Unresolved Medical Issue. |
|        | K. | Inmate Refused Community Program Placement. |
|        | L. | Too Short for Placement (State ARSD/Where Transferred from). |
|        | M. | Inmate does not require pre-release transition services. |

                    1.    Release Residence
                    2.    Employment
                    3.    Monetary Resources

Inmate Raheman-Fazal is serving a twelve month and one day sentence for a supervised release violation. His original offense was International Parental Kidnapping and Interception of Wire Communications. Records indicate that inmate Raheman-Fazal is a citizen of India and has been assigned a Public Safety Factor of "Deportable Alien". His current release date is July 30, 2005, via Good Conduct Time (GCT) release. According to Program Statement 7310.04 § 10 (g), inmates who are deportable aliens are not ordinarily placed in Community Corrections Centers (CCC).

The Unit Team makes every effort to place all eligible inmates into a CCC. However, based on the circumstances involved in inmate Raheman-Fazal's case, the Unit Team is recommending that he be denied future consideration for CCC placement and would encourage that he remain at this facility until his release.

_____          _____
Inmate Signature (If he refused any Community Programs)          Date

**Reviewed by:**

_____          1/28/05
D. Adams, Case Management Coordinator          Date

_____          1-31-05
Deborah G. Schult, Associate Warden (Programs)          Date

_____          2/1/5
David L. Winn, Warden          Date

**Z**

```
  DEVCV          *           PROGRAM REVIEW REPORT           *      02-24-2005
PAGE 001                                                            09:19:15

INSTITUTION: DEV  DEVENS FMC

NAME.......: RAHEMAN-FAZAL, FAZAL UR                    REG. NO: 46236-008
RESIDENCE..: BLACKSTONE, MA 01504

TYPE OF REVIEW......: INITIAL CLASSIFICATION/PROGRAM REVIEW
NEXT REVIEW DATE....:  6/27/05

PROJ. RELEASE DATE..: 07-30-2005          RELEASE METHOD.: GCT REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  FINAL         DETAINERS (Y/N): Y

CIM STATUS (Y/N)....: N          IF YES, RECONCILED (Y/N):  N/A

PENDING CHARGES.....:  ICE detainer

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B)  (Y/N)....:  Y
   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/PAST VIOLENCE

CATEGORY       - - - - - -   CURRENT ASSIGNMENT - - - - - - - -  EFF DATE   TIME

CMA        PROG RPT       NEXT PROGRESS REPORT DUE DATE        07-30-2005   1024
CMA        RPP PART       RELEASE PREP PGM PARTICIPATES        12-09-2004   1345
CMA        RPP UNT C      RELEASE PREP UNIT PGM COMPLETE       01-20-2004   0903
CMA        V94 CVA913     V94 CURR VIOL ON/AFTER 91394         11-18-2002   1621
CUS        IN             IN CUSTODY                           11-22-2004   0800
DRG        DRG I NONE     NO DRUG INTERVIEW REQUIRED           12-16-2004   1316
EDI        ESL HAS        ENGLISH PROFICIENT                   11-04-2002   1831
EDI        GED HAS        COMPLETED GED OR HS DIPLOMA          11-04-2002   1831
FRP        PART           FINANC RESP-PARTICIPATES             10-09-2003   1323
LEV        LOW            SECURITY CLASSIFICATION LOW          10-07-2002   1256
MDS        REG DUTY       NO MEDICAL RESTR--REGULAR DUTY       10-30-2002   1431
QTR        G02-231U       HOUSE G/RANGE 02/BED 231U            12-03-2004   1201
RLG        MUSLIM         MUSLIM                               11-03-2002   1409
WRK        EDUC TUTOR     EDUCATION TUTOR - MAIN               12-28-2004   0001

WORK PERFORMANCE RATING:  Good   ratings  from  Advent  tea

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: _____
Clear conduct

FRP PLAN/PROGRESS: Participates: $25/QTR  owes
$100 assessment  $6000 fine

RELEASE PREPARATION PARTICIPATION: PC  and  HN  completed.
Should enroll in remaining portions at
this time.

CCC RECOMMENDATION: Not eligible due to detainer

G nw dep- $835.36    IFS balance $82.01
```

```
 DEVCV          *          PROGRAM REVIEW REPORT          *     02-24-2005
PAGE 002 OF 002                                                09:19:15
```

PROGRESS MADE SINCE LAST REVIEW: *Completed One ACE course,*
*clear conduct, made FRP payment.*

GOALS FOR NEXT PROGRAM REVIEW MEETING: _____

*Complete 2 ACE courses by 6/05*

*Maintain clear conduct and make FRP*
*payments thru 6/05.*

LONG TERM GOALS: *Complete the RPP and FRP*
*prior to release.*

OTHER INMATE REQUESTS/TEAM ACTIONS: *None*

*407/408 reviewed*

SIGNATURES:

UNIT MANAGER: *Tony Calot*

INMATE: X

DATE: *3/3/05*

DATE: *3/3/05*

*RHG  CGW*

**AA**

U.S Department of Homeland Security
Immigration and Customs Enforcement

**Immigration Detainer – Notice of Action**



**U.S. Immigration
and Customs
Enforcement**

| | |
|---|---|
| File No. A 72-180-074 | |
| Date:  April 12, 2005 | |

| To: (Name and title of institution) | From: (ICE office address) |
|---|---|
| FMC Devens | JFK Federal Bldg. Government Center |
| P.O. Box 880 | Boston, MA 02203 |
| Ayer, MA 01432 | Ph: (617) 565-2503 |
| & U.S. Marshals | |

Name of alien:  RAHEMAN, Fazal  Inmate # 46236-008  PRD: Unknown

Date of Birth: ████████  Nationality: Dominican  Sex: Male

**You are advised that the action noted below has been taken by Immigration and Customs Enforcement concerning the above-named inmate of your institution:**

☒ Investigation has been initiated to determine whether this person is subject to removal from the United States.

☐ A Notice to Appear or other charging document initiating removal proceedings, a copy of which is attached, was served on _____.

☐ A warrant of arrest in removal proceedings, a copy of which is attached, was served on _____.

☐ Deportation or removal from the United States has been ordered.

**It is requested that you:**
Please accept this notice as a detainer. This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive.

☒ Federal regulations (8 CFR 287.7) require that you detain the alien for a period not to exceed 48 hours (excluding Saturdays, Sundays, and Federal holidays) to provide adequate time for ICE to assume custody of the alien. You may notify ICE by calling 617-565-2503 during business hour or 617-565-3100 after hours in an emergency.

☒ Please complete and sign the bottom block of the duplicate of this form and return it to this office. ☐ A self-addressed stamped envelope is enclosed for your convenience. ☐ Please return a signed copy via facsimile to 617-565-3961,

☒ Notify this office of the time of release at least 30 days prior to release or as far in advance as possible.

☒ Notify this office in the event of the inmate's death or transfer to another institution.

☐ Please cancel the detainer previously placed by this Service on _____.

Richard J. Coleman  Immigration Enforcement Agent
(Signature of ICE Officer)  (Title of ICE Officer)

**Receipt acknowledged:**

Date of latest conviction: _____  Latest conviction charge: _____
Estimated Release date: _____

Signature and title of official: _____

**BB**

U.S. DEPARTMENT OF JUSTICE       **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: RAHEMAN | FAZAL | 46236-008 | GA | F.M.C., Devens |
|---|---|---|---|---|
| LAST NAME, FIRST, MIDDLE INITIAL | | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**      <u>URGENT</u>

Sir,

    On March 18, I received a copy of the final order of Oral Arguments before the Supreme Judicial Court, Massachusetts, scheduled at 9.00 AM on April 6, 2005. See <u>Exhibit</u>. My earlier request to facilitate my access to the Court was denied by ISM and a follow up BP-9 mailed March 18th remains unresponded. I had also requested my placement in CCC, which would facilitate my participation in the upcoming SJC Oral Arguments. I had already spent 59 days in CCC last year, so there is no obstacle now in placing me in CCC. I have no new detainer since my last detainer was removed in December 2003.

    My right of access to Court is fundamental under United States Constitution, more importantly now because my current incarceration is hinged to the case before the SJC. I therefore respectfully request your kind office

  i) sanction my transfer to CCC with immediate effect, pursuant to <u>Goldings v Winn</u>, 383 F 3d 25 (1st Cir 2004);

 ii) in the alternate, endorse "no objection" to my CCC placement if I am able to acquire a Court Order to that effect.

    As the CCC imposes a 72 hour curfew on intake an urgent repsonse is requested to meet the April 6th deadline.

    Respectfully submitted,

| March 25, 2005 | |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

    *Denial dated February 25, 2005

**Part B– RESPONSE** Copy Self    ⊗ SJC Continued the hearing in May 2005

    4-6-05

> ℝℰℂℰℐᐺℰ
> MAR 3 0 2005
> FMC DEVENS
> WARDEN'S OFFICE

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

satisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE      CASE NUMBER: 571835-F1

     CASE NUMBER: _____

**Part C– RECEIPT**

urn to: _____

LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**CC**

Name: Allerson, F                    Reg. No.: 46236-00F

Federal Medical Center
Devens, MA

## ADMINISTRATIVE REMEDY PROCEDURES FOR INMATES
## INFORMAL RESOLUTION FORM

NOTE TO INMATE: You are advised that prior to receiving and filing a Request for
Administrative Remedy Form BP-9 (BP-229(13), you must attempt to informally resolve your
complaint through your Correctional Counselor. Briefly state one complaint below and list what
efforts you have made to resolve your complaint informally, state the names of staff contacted,
and the relief that you are requesting.

DATE FORM ISSUED AND INITIALS OF CORRECTIONAL COUNSELOR: 4/6/05

Unit: G2A

INMATE'S COMMENTS:

1. Complaint: On a couple g occassions I had discussed issues of
CCC Credit and CCC placement with that Mr Hunter, Mr Amico and
Mr Gagnon. I had also requested assistance in access to Court
hearing in Supreme Judicial Court, Boston. I had also repealed the
request in BP-9 which returned was returned rejected on April 4,2005
Yesterday SJC granted a continuation. The oral arguments are now
scheduled in May. I therefore request a CCC Placement to enable my
participation in the Court hearing.

2. Efforts made by you to informally resolve:
As above

3. Names of staff you contacted: Mr Hunter, Mr Amico, Mr Gagnon, Mr Premsingh

4. Relief Requested: The oral arguments in SJC are scheduled
now scheduled in May. I do not yet have new
date. I am Pro Se in the SJC proceeding. I request
the authorities to protect my First Amendment right of
access to Court by placing me in CCC 72 hours
prior to my scheduled burnt appearance.
Thanks.

Date returned to counselor: 4/8/05

DEV 1330.13B
April 8, 2005
Attachment A

INFORMAL RESOLUTION INSTRUCTIONS: STAFF MUST COMPLETE AND ATTACH
THE ORIGINAL OF THIS FORM TO EACH BP-9 WHEN THE COMPLAINT CANNOT
BE INFORMALLY RESOLVED. THE BP-9 WILL NOT BE ACCEPTED WITHOUT
THIS COMPLETED FORM, EXCEPT THOSE APPEALING UDC ACTIONS.
INFORMAL RESOLUTION FORMS WILL NEVER BE GIVEN TO THE INMATE TO
COMPLETE.

NAME: Raheman,    REG. NO.: 46236-008    UNIT: G-Unit

DATE BP-9 REQUESTED: 04/6/2005

DATE BP-9 ISSUED : 04/6/2005

DATE BP-9 RETURNED : 02/8/2005

INMATE'S COMPLAINT: Inmate Raheman Is requesting placement in
in CCC in order to attend a court hearing in a civil matter.

RELIEF REQUESTED: Inmate Raheman is requesting that he should be
allowed to attend his court hearing from FMC Devens.

ACTION TAKEN TO INFORMALLY RESOLVE COMPLAINT:
Inmate Raheman advise that he cannot get an CCC Placement, because he
currently have INS Detainer. Inmate was also advised that he is
schedule to see an INS Officer in May 2005.

CORRECTIONAL COUNSELOR: D.Premsingh    DATE: 04-08-2005

UNIT MANAGER'S COMMENTS/ASSISTANCE: Noted, Verified INS Detainer.
Inmate scheduled to meet with INS Officials in May of 2005

UNIT MANAGER: JA Calabro    DATE: 4/9/05

Provided to the inmate
on 5/5/05. JnCal
U/M

**DD**



**U.S. Department of Justice**
Federal Bureau of Prisons

# **Program Statement**

**OPI:** CPD
**NUMBER:** 5880.28
**DATE:** CN-06, 7/19/99
**SUBJECT:** Sentence Computation
Manual (CCA of 1984)

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta v. U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

PS 5880.28
7/19/99
Page 2

3.  **STANDARDS REFERENCED**

a.   American Correctional Association 3rd Edition Standards for Adult Correctional Institutions:   3-4094

b.   American Correctional Association 2nd Edition Standards for Administration of Correctional Agencies:   2-CO-1E-05

c.   American Correctional Association 3rd Edition Standards for Adult Local Detention Facilities:   3-ALDF-1E-03

d.   American Correctional Association 3rd Edition Standards for Adult Boot Camp Programs:   1-ABC-1E-09

4.  **MCC/MDC/FDC/FTC PROCEDURES.**   Procedures in this Program Statement apply to Metropolitan Correctional Centers, Metropolitan Detention Centers, Federal Detention Centers and Federal Transportation Centers.

5.  **DISTRIBUTION.**   At a minimum, a copy of this Manual will be placed with the Regional Inmate Systems Manager, each Community Corrections Manager, the Inmate Systems Manager and all other staff having responsibility for sentence computation.

/s/
Kathleen Hawk Sawyer
Director

        **c.   Prior Custody Time Credit.**  The SRA includes a new
statutory provision, 18 U.S.C. § 3585(b), that pertains to
"credit for prior custody" <u>and is controlling for making time
credit determinations for sentences imposed under the SRA</u>.   Title
18 U.S.C. § 3568, repealed effective November 1, 1987, as
implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains
the controlling statute for all sentences imposed for offenses
that occurred on or after September 20, 1966 up to November 1,
1987.

     <u>Statutory Authority</u>:   Prior custody time credit is
controlled by 18 U.S.C. § 3585(b), and states, **"A defendant shall
be given credit toward the service of a term of imprisonment for
any time he has spent in <u>official detention</u> prior to the date the
sentence commences--**

               **(1) as a result of the offense for which
the sentence was imposed; or**

               **(2) as a result of any other charge for
which the defendant was arrested after the
commission of the offense for which the
sentence was imposed;**

   **that has not been credited against another sentence."**

   <u>Definitions</u>:

   **Raw EFT:**   The Raw EFT for both a federal and non-federal
sentence is determined by adding the total length of the sentence
to be served to the beginning date of the sentence resulting in a
full term date of sentence (**Raw EFT**) that does not include any
time credit, e.g., presentence or prior custody time or good
time.   (Inoperative time that may affect either the state or
federal **Raw EFT** shall be referred to the RISA for assistance.)

person (absconder) is apprehended. This offense, therefore, is
treated in the same manner as a conspiracy offense.

   **Official detention**. "Official detention" is defined,
for purposes of this policy, as time spent under a federal
detention order. This also includes time spent under a <u>detention</u>
order when the court has <u>recommended</u> placement in a less secure
environment or in a community based program as a condition of
*presentence detention. In addition, on occasion it is necessary
for the court to <u>order</u> placement in a less secure environment or
in a community based program (including D.C. Department of
Corrections' programs such as work release) because of
overcrowding in the local place of detention. A person under
these circumstances remains in "official detention", subject to
the discretion of the Attorney General and the U.S. Marshals' *
Service with respect to the place of detention. Those defendants
placed in a program and/or residence as a condition of detention
are subject to removal and return to a more secure environment at
the discretion of the Attorney General and the U.S. Marshals'
Service, and further, remain subject to prosecution for escape
from detention for any unauthorized absence from the
program/residence. (If there is any question as to whether such
a defendant was in fact under the jurisdiction of the U.S.
Marshals' Service, i.e., in the custody of the Attorney General,
staff shall contact the appropriate U.S. Marshal for
verification.) Such a defendant is not eligible for any credits
while <u>released</u> from detention.

In <u>Reno v. Koray</u>, 115 S.Ct 2021 (1995), the
U.S. Supreme Court held that time spent under restrictive
conditions of release (including time spent in a community
treatment center (CCC) or similar facility) was not official
detention entitling an inmate to prior custody time credit under
18 U.S.C. § 3585(b). The court found that the interaction of the
Bail Reform Act and 18 U.S.C. § 3585(b) supported the Bureau of
Prisons' interpretation that a defendant is **either released** (<u>with
no credit for time under conditions of release</u>) **or detained** (<u>with
credit for time in official detention</u>).

<u>Koray</u> has also overruled <u>Brown v. Rison</u>, 895 F.2d
895 (9th Cir. 1990). As a result, the awarding of presentence
time credit under 18 U.S.C. § 3568 for time spent under
restrictive conditions shall also be discontinued. <u>Brown</u> is the
Ninth Circuit case that required the Bureau of Prisons to give
time credit to a sentence for time spent in a CCC or similar
facility.

The <u>Koray</u> decision means, therefore, that time
spent in residence in a CCC or similar facility as a result of
the <u>Pretrial Services Act of 1982</u> (18 U.S.C. § 3152-3154), or as
a result of a condition of bond or release on own recognizance
(18 U.S.C. § 3141-3143, former 3146), <u>or as a condition of</u>
parole, probation or <u>supervised release</u>, is <u>not</u> creditable to the
service of a subsequent sentence. In addition, a release
condition that is "highly restrictive," and that includes "house
arrest", "electronic monitoring" or "home confinement"; or such
as requiring the defendant to report daily to the U.S. Marshal,

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14H

U.S. Probation Service, or other person; is not considered as time in official detention. **In short, under <u>Koray</u>, a defendant is not entitled to any time credit off the subsequent sentence, regardless of the severity or degree of restrictions, if such release was a condition of bond or release on own recognizance, or as a condition of parole, probation or supervised release**.

Any sentence computed for the first time before June 5, 1995, and that sentence reflects an award of prior custody time credits for time spent in a CCC or similar facility **shall** retain any credits applied, regardless of any sentence recomputation (e.g., for an addition or loss of prior custody time credits or modification of sentence, or as the result of a vacated sentence, including a sentence that was imposed after a retrial) that occurs on or after June 5, 1995.

Any sentence, computed for the first time on or after June 5, 1995, which reflects an award of prior custody time credits for time spent in a CCC or similar facility under conditions of release, that was not the result of a court order, shall be recomputed to void such credit.

If it is discovered during a sentence recomputation on or after June 5, 1995, that time was spent in a CCC or similar facility that should have been awarded as the result of a sentence computation performed prior to June 5, 1995, but was not awarded, such time **shall not** be given on the recomputation unless the court had ordered that such credit be given.

**EE**



U.S. Department of Justice
Federal Bureau of Prisons

# Program

# Statement

**OPI:** CPD
**NUMBER:** 7310.04
**DATE:** 12/16/98
**SUBJECT:** Community Corrections
Center (CCC)
Utilization and
Transfer Procedure

1. <u>PURPOSE AND SCOPE</u>.  To provide guidelines to staff regarding
the effective use of Community Corrections Centers (CCCs).  This
Program Statement defines placement criteria for offenders,
requires that staff members start the placement process in a
timely manner, and defines the circumstances when inmates may
refuse Community Corrections (CC) programs.  It also establishes
an operational philosophy for CCC referrals that, whenever
possible, eligible inmates are to be released to the community
through a CCC unless there is some impediment as outlined herein.

CCCs provide an excellent transitional environment for inmates
nearing the end of their sentences.  The level of structure and
supervision assures accountability and program opportunities in
employment counseling and placement, substance abuse, and daily
life skills.

One reason for referring an inmate to a CCC is to increase public
protection by aiding the transition of the offender into the
community.  Participating in community-based transitional
services may reduce the likelihood of an inmate with limited
resources from recidivating, whereas an inmate who is released
directly from the institution to the community may return to a
criminal lifestyle.  While clearly dangerous inmates should be
separated from the community until completing their sentences,
other eligible inmates should generally be referred to CCCs to
maximize the chances of successful reintegration into society.

Finally, the scope of this Program Statement has been extended to
include CCC consideration/placement of District of Columbia
Department of Corrections inmates.

(5)  Intensive Confinement Center (ICC).  A lengthy period of Community Corrections Center confinement follows the completion of the ICC program's institutional phase.  The CCC time is divided among the restrictive Community Corrections Component, the Prerelease Component, and Home Confinement. Specific referral procedures are outlined in the ICC Program Statement.

8.  RELEASE PLAN.  Staff shall begin release planning at an inmate's first team meeting, normally the initial classification, and shall continue throughout the inmate's confinement.  The following guidelines apply:

a.  Planning early in an inmate's period of confinement is necessary to ensure release preparation needs are identified and appropriate release preparation programs are recommended.

b.  Preliminary decisions regarding eligibility for CC Programs are to be made well in advance of the last year of confinement.

c.  A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date.

9.  CCC CRITERIA AND REFERRAL GUIDELINES

a.  Regular Referrals.  Staff shall make recommendations for CCC placements based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly.  CCCs are a program element and are not to be used as a reward for good institutional behavior, although an inmate's institutional adjustment may be a factor in making a referral determination.

A number of factors must be weighed to determine the length of CCC placement for inmates, including their individual needs and existing community resources.  Ordinarily, inmates with shorter sentences do not require maximum CCC placement due to reduced transition needs.  Additionally, inmates who are required to spend a portion of time in a CCC as a condition of release (i.e. supervised release or court order) do not require an extended Bureau CCC placement.  For example, if the Unit Team determines the inmate needs a six month CCC placement, but the inmate is required to stay in a CCC for 90 days as a condition of release, then the institution shall ordinarily refer the inmate for a 60-90 day CCC placement.

Referrals to CCM offices should include a recommendation regarding the length of stay (range), such as recommending 60 to 90 days or 90 to 120 days, etc. This range of at least 30 days allows the CCM to match population needs with budgetary and CCC bed space resources, a process which requires this flexibility.

However, there will be cases when the institution, for various management reasons, wants the CCM to place the inmate not earlier than a specific date. Then, the CCC referral form should specify a recommended placement date rather than a range and further state that the CCM should not adjust that date. The CCM shall adhere to the recommended date, with any adjustment only being downward if budget and/or bed space constraints are a factor.

The following CCC referral guidelines apply:

(1)  An inmate may be referred up to 180 days, with placement beyond 180 days highly unusual, and only possible with extraordinary justification. In such circumstances, the Warden shall contact the Regional Director for approval and the Chief USPO in the inmate's sentencing district to determine whether the sentencing judge objects to such placement.

(2)  The ultimate goal is to maximize each eligible inmate's chances for successful release and a law-abiding life.

(3)  When an inmate has a history of escape or failure in one or more CC Programs, careful review and consideration should be given regarding the suitability of participation and the length of placement.

(4)  Inmates with minor medical conditions or disabilities may also be considered for community placement. Inmates are required to assume financial responsibility for their health care while assigned to community programs. Such inmates must provide sufficient evidence to institution staff of their ability to pay for health care while at a CCC prior to the referral being made. When an inmate is unable or unwilling to bear the cost of necessary health care, the inmate shall be denied placement.

(5)  Inmates who have been approved for CCC referral and are otherwise appropriate for camp placement shall be transferred to a camp for intermediate placement. The inmate should have completed the Institution Release Preparation Program at the parent institution. The parent institution shall complete the CCC referral packet and the camp should be closer to the inmate's release residence. This process should be completed to allow the

inmate a minimum of a 60 day placement at the camp prior to the acceptance date at the CCC.

b. <u>MINT Referrals</u>. Female inmates are eligible to enter the program at the CCC generally during their last two months of pregnancy. After birth, the mother is allowed three additional months to bond with the child. The mother shall then be returned to an institution to complete her sentence. If she is eligible for prerelease services, she may remain at that facility only if she is going to be supervised in that judicial district.

The CEO may approve early or extended placements with a recommendation by the treating obstetrician and Clinical Director's concurrence. A placement extending beyond 180 days requires the Regional Director's approval. Direct court commitments shall have a secondary designation noted on the Inmate Load and Security/Designation form (BP-337). This shall be used to determine the institution responsible for the inmate's medical expenses while she is confined in the MINT Program.

Authority to pay immediate post-natal care of the child born to an inmate while in custody is derived from administrative discretion when the Bureau finds itself responsible for the cost by default (no other resources can be compelled to pay). It is reasonable that the Bureau provides for the child's medical expenses for the first three days after routine vaginal birth or up to seven days for a Cesarean section.

Prior to the birth, the mother must make arrangements for a custodian to take care of the child. At this time, the CEO shall ensure the person or agency taking custody of the child is also asked to be responsibile for medical care costs beyond three days after birth. (<u>Note</u>: This may be extended by the Regional Director for an additional seven days for extenuating circumstances on a case-by-case basis.) The person(s) receiving custody of the child should sign a Statement of Responsibility for medical care costs, clearly indicating that the signing party accepts financial responsibility. Unit Management staff are responsible for obtaining this statement, and forwarding copies to the Health Services Administrator (HSA) for placement in the HSA's outside hospitalization file and to the Controller (see the Sample Statement of Responsibility (Attachment D)).

Health Services staff shall confirm an inmate's pregnancy and evaluate her medical condition. Health Services staff shall indicate whether CCC placement is medically appropriate and document this on the Medical Evaluation for Transfer of Inmates to CCC Type Facility (BP-351) which shall be forwarded to the Unit Team.

When the Unit Team has concerns regarding the appropriateness of a CCC placement (such as criminal history, severity of current offense), procedures will be followed according to Section 10.i.(2), Limitations on Eligibility for All CCC Referrals.

The following CCC referral guidelines apply in addition to the guidelines provided for regular referrals:

(1)  The inmate must be pregnant upon commitment with an expected delivery date prior to release.

(2)  The inmate or guardian must assume financial responsibility for the child's care, medical and support, while residing at the CCC.  Should the inmate or the guardian be unable or unwilling to bear the child's financial cost, the inmate may be transferred back to her parent institution.

(3)  An inmate who becomes pregnant while on furlough, or has more than five years remaining to serve on her sentence(s), or plans to place her baby up for adoption shall not be referred for MINT placement.

**Referrals to CCMs should state a specific date of placement. This date should be approximately two months prior to the inmate's expected delivery date.**

The CCC's Terminal Report should fully describe the inmate's experience in, and reaction to, the MINT Program.  It should also summarize counseling received in the program and include follow-up medical or program recommendations for the institution to facilitate the inmate's transition.

Inmates in need of foster care placement assistance shall be referred to the institution social worker, or if the institution does not have a social worker, staff shall contact a social worker in the community for foster care placement assistance.

10.  <u>LIMITATIONS ON ELIGIBILITY FOR ALL CCC REFERRALS</u>.  Inmates in the following categories shall not ordinarily participate in CCC programs:

a.  Inmates who are assigned a "Sex Offender" Public Safety Factor.

b.  Inmates who are assigned a "Deportable Alien" Public Safety Factor.

c.  Inmates who require inpatient medical, psychological, or psychiatric treatment.

d.   Inmates who refuse to participate in the Inmate Financial Responsibility Program.

e.   Inmates who refuse to participate, withdraw, are expelled, or otherwise fail to meet attendance and examination requirements in a required Drug Abuse Education Course.

f.   Inmates with unresolved pending charges, or detainers, which will likely lead to arrest, conviction, or confinement.

g.   Ordinarily, inmates serving sentences of six months or less.

h.   Inmates who refuse to participate in the Institution Release Preparation Program.

i.   Inmates who pose a significant threat to the community. These are inmates whose current offense or behavioral history suggests a substantial or continuing threat to the community.

Examples are inmates with repeated, serious institution rule violations, a history of repetitive violence, escape, or association with violent or terrorist organizations.

To determine whether an inmate poses a significant threat, a number of factors must be considered.  The key consideration is public safety when assessing the inmate's proclivity for violence or escape against their placement needs.

A waiver of the Public Safety Factor is not required for inmates transferred via unescorted transfer to CCC placements.

Ordinarily, inmates with a single incident of violence should not automatically be excluded from CCC placement.  As noted earlier, clearly dangerous inmates should be excluded from CCC placement.

(1)   When there exists a basis for significant doubt regarding whether the inmate currently poses a threat to the community, the Warden should consider contacting the Chief USPO in the release district (see the Sample letter (Attachment A)) to seek guidance on the referral's appropriateness.  A copy of this letter shall be maintained in the Inmate Central File.

(2)   When an inmate is excluded under this subsection, a memorandum, signed by the Warden, shall be prepared and placed in the Inmate Central File to explain the rationale for exclusion from CC Programs.

PS 7310.04
12/16/98
Page 12

j. Inmates whose admission and release status is pretrial, holdover, or detainee.

11. REFUSALS. When an eligible inmate refuses CCC placement, staff shall investigate the inmate's reasons. Staff may honor an inmate's refusal of CCC placement.

Suitable reasons to decline placement might include previous CCC failure, potential conflict with other residents, and location or remoteness from release residence. When the inmate does not present a suitable reason, and the unit team believes that a placement would serve a correctional need, the unit team shall make every effort to encourage participation.

When an inmate refuses placement, a memorandum, signed by the Associate Warden (Programs) and the inmate, shall be placed in the Inmate Central File. The memorandum should document the inmate's rationale for refusal and all unit team effort to encourage participation.

12. CCC REFERRAL PROCEDURES. Normally 11 to 13 months before each inmate's probable release date, the unit team shall decide whether to refer an inmate to a Community Corrections program.

Medical staff shall notify the inmate's Case Manager promptly when a pregnancy is verified. Upon notification, the unit team shall decide if a MINT referral to a Community Corrections program will be made.

a. Referral to CCM. Staff shall use the Institution Referral form (BP-210) (Attachment B) when referring an inmate for transfer to a CCC. Information included in the Additional Information (11) and Specific Release Preparation Needs (12) sections must be as specific as possible regarding the inmate's needs.

Attachment B contains instructions for completing the Institution Referral form and related materials. Signed copies of the "Community Based Program Agreement" must be included with all CCC referrals. The Warden is the final decision-making authority for all CCC referrals the unit team recommends.

If the Warden approves the CCC referral, the unit team shall forward two copies of the Institutional Referral form and appropriate attachments to the CCM. Staff shall enter the DST SENTRY assignment of "W CCC ACT." Copies of appropriate documents are prepared so that one may be forwarded to the CCC while the CCM retains the other for reference.

**FF**

```
        REGNO: 46236-008   NAME: RAHEMAN-FAZAL, FAZAL UR                    ORG: CBN
C/SEX/AGE: A/M/48   FORM D/T: 11-19-2004/1332   RES: BLACKSTONE, MA 01504
FFN/CHG..: SUP REL VIOL: A YR & A DY CBOP (ORIG OFFN- INTL KIDNAP;INTER-
           CEPTN WIRE COMMUNICATNS) 1:01-CR-10274-001-PBS   TRD:7/30/05
USTODY...: IN        BIL:             CR HX PT: UNK    CAR: CARE2
ITIZENSHP: INDIA                  PUB SAFETY: ALIEN
IM CONSID:                                                    USM: BOSTON,MA
UDGE.....: SARIS        REC FACL: NONE            REC PROG: NONE
ETAINER..: NONE         SEVERITY: MODERATE        MOS REL.: 008
RIOR.....: SERIOUS      ESCAPES.: NONE            VIOLENCE: NONE
RECOMMT..: N/A          V/S DATE:                 V/S LOC.:
MDT REF..: NO           SEC TOT.: 6            SCORED LEV: LOW
CM RMKS..: SRV FOR FAIL CO-OP W/AUTH IN U.S & INDIA RE:CHILD CUSTODY
           ISSUE & FAIL RTN 2 CHILDREN TO U.S. PR:TOOK CHILDREN FM U.S.
           TO INDIA COURT FOR SOLE CUSTODY. PD:NONE. MED:HX BACK PAIN
           FM SLIP DISC(?MOBILITY ISSUES);GASTRIC PBLMS. ?INS DETNR. PM
ESIG: DEVENS FMC-LOW (M)        NER JP  11-22-2004 RSN: LEVEL  MSL:
GTV/MVED.:
ESIG RMKS: NO JUD REC.


)002        MORE PAGES TO FOLLOW . . .
```

Case 4:05-cv-40039-FDS  Document 46  Filed 05/11/2005  Page 25 of 25

         REGNO: 46236-008    NAME: RAHEMAN-FAZAL, FAZAL UR                    ORG: CBN
/SEX/AGE: A/M/48   FORM D/T: 10-07-2002/1256   RES: BLACKSTONE, MA 01504
FN/CHG..: 18 USC 1204/2511:INTERNATIONAL KIDNAPPING;INTERCEPTION OF WIRE
          COMMUNICATIONS, 36 MOS CBOP W/36 MOS SR (1:01-CR-10274-PBS)
USTODY...: IN          BIL:              CR HX PT: 0       CAR: CARE2
TIZENSHP: INDIA                     PUB SAFETY: GRT SVRTY,ALIEN
M CONSID:                                             USM: BOSTON,MA
UDGE.....: SARIS        REC FACL: FT DEVENS       REC PROG: NONE
TAINER..: NONE         SEVERITY: GREATEST        MOS REL.: 016
RIOR.....: NONE         ESCAPES.: NONE          VIOLENCE: NONE
RECOMMT..: N/A          V/S DATE:                V/S LOC.:
DT REF..: NO            SEC TOT.: 7             SCORED LEV: LOW
M RMKS..: SUBJ TOOK HIS 2 CHILDREN FM THE U.S. TO INDIA TO OBTAIN SOLE
          CUSTODY VIA INDIAN COURT SYSTEM, ALSO TAPE-RECORDED WIFE'S
          PHONE CONVERSATIONS. PR/PD:NONE. MED:HX BACK PAIN FM SLIPPED
          DISC(?MOBILITY ISSUES);GASTRIC PBLMS. ?INS DETNR. PM
SIG: DEVENS FMC-LOW (M)       NER RLS 10-08-2002 RSN: LEVEL  MSL:
TV/MVED.:
SIG RMKS: JUDICIAL RECOMMENDATION FOLLOWED.


005       TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED