UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                 )
FAZAL RAHEMAN,                   )
              Plaintiff,         )
                                 )        CIVIL ACTION
v.                               )        NO. 05-40039-DPW
                                 )
DAVID L. WINN, Warden,           )
              Defendant.         )
_____)

### DEFENDANT'S MOTION TO SUPPLEMENT RECORD

On May 11, 2005, the Court of Appeals for the First Circuit issued its opinion upholding Petitioner's criminal conviction, again, and upholding his sentence with respect to the terms of supervised release, namely the requirement that he return his children to the United States.  The opinion is unpublished and is appended to this pleading as a convenience for the Court.

                           Respectfully submitted,

                           MICHAEL J. SULLIVAN
                           United States Attorney


                    By:    /s/Anita Johnson
                           ANITA JOHNSON
                           Assistant U.S. Attorney
                           U. S. Attorney's Office
                           John Joseph Moakley
                           United States Courthouse
                           1 Courthouse Way, Suite 9200
                           Boston, MA  02210
                           (617)748-3282

Dated: May 18, 2005

<u>CERTIFICATE PURSUANT TO LR. 7.1(A)(2)</u>

Because L.R. 7.1(A)(2) requires "counsel" to confer, and plaintiff is proceeding <u>pro se</u> and is incarcerated, counsel has not contacted plaintiff for his position on this motion.

/s/Anita Johnson

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served the foregoing upon Fazal Raheman, Inmate No. 46236-008, FMC Devens, P.O. Box 879, Ayer, MA 01432, by first class mail, postage prepaid, on this 18th day of May 2005.

/s/Anita Johnson

**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

———————

Nos. 04-1353
     04-1572
     04-2504

UNITED STATES,

Appellee,

v.

FAZAL UR RAHEMAN-FAZAL,

Defendant, Appellant.

———————

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Patti B. Saris, U.S. District Judge]

———————

Before

Selya, Circuit Judge,
Stahl, Senior Circuit Judge,
and Lynch, Circuit Judge.

———————

Fazal Raheman on brief pro se.
Michael J. Sullivan, United States Attorney and John T.
McNeil, Assistant U.S. Attorney on brief for appellee.

———————

May 11, 2005

———————

**Per Curiam**.  We have reviewed carefully the record in this case and the submissions of the parties.  We reject appellant's arguments, and we affirm the amended judgments and the decision revoking supervised release.  We allow the motion of D.P. Lalwani to file amicus curiae brief.  We deny appellant's motion to strike irrelevant pleadings.

Appellant Fazal Raheman ("Raheman") did not develop any of his current arguments below, so they are forfeited, and we review only for plain error.  United States v. Olano, 507 U.S. 725, 731-32 (1993).  Under any standard of review, however, they would fail.  To the extent Raheman argues that the federal courts somehow have been divested of jurisdiction, the argument is specious.  Raheman has been convicted of a federal crime, and that conviction was affirmed.  See United States v. Raheman, 355 F.3d 40 (1st Cir. 2004) ("Raheman I").  The federal courts have ongoing jurisdiction over violations of supervised release.  To the extent Raheman is saying his acts did not constitute a federal crime in the first place, the time for making such an argument is long past; and in any event, the argument was rejected by this court in Raheman's first appeal.  See id. at 46-49.  It still is without merit.

Raheman's attacks on the Massachusetts state court's jurisdiction are out of place here; he must litigate that question in the Massachusetts state courts.  The federal district court simply ordered Raheman to comply with the outstanding

orders of the state courts by returning his children to this country. If he believes those orders are erroneous under state law, he must take that up with the state court. It was entirely proper for the federal district court to impose that condition of supervised release; and we so noted in Raheman I. Raheman must allow that process to go forward fairly; and he must not, in the meantime, defy the order of that court to return the children here for a determination on the custody question. Having chosen to defy that order (as well as the district court's order to comply), he cannot be heard to complain that he might lose some advantage he obtained by kidnaping the children in the first place.

We also reject Raheman's argument pursuant to Baltimore City Department of Social Services v. Bouknight, 493 U.S. 549 (1990). To the extent Bouknight does place some restriction on the conditions of supervised release that may be imposed here (and it is far from clear that it does), the Massachusetts family court order was issued as part of a "noncriminal regulatory regime," id. at 555-56, that is, the system by which custody determinations are made in the state family courts. Thus, the Bouknight argument clearly fails.

This has been a protracted and painful matter for all concerned. It began with Raheman's criminal act: the kidnaping of his own children. He has been punished for his crime, and

-3-

that matter is closed. But the American criminal justice system offers more than punishment; it offers a convicted criminal a chance to rehabilitate himself. In order to rehabilitate himself, he must do what he can to undo his crime. Of course, in a case like this, when young children are involved, the crime can never be completely undone. But at a minimum, the convicted criminal in any case can abandon the fruits of his crime, that is, the advantages he gained through his criminal act. Here, Raheman obtained an advantage by spiriting his children away from their home to a foreign jurisdiction, where he obtained favorable court orders under false pretenses. He must undo that harm. He must return the children here and start over.

The federal courts have no jurisdiction, ultimately, to decide the best interests of these children or to determine their custody arrangements. But we have faith that the state court here is competent to make such judgments, including a judgment as to whether it is the appropriate court in which to decide the substantive questions; that it will do so fairly; and that its primary concern at all junctures will be the best interests of the children. We also have been impressed with the efforts of the district court judge and the U.S. probation office involved here. Their goal is laudable: they want the children reunited with *both* parents. We admonish all parties to move forward with all due speed to achieve that goal.

-4-

Affirmed.  See 1st Cir. R. 27(c).