```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


FAZAL RAHEMAN,                  )
     Petitioner,                )    CIVIL ACTION NO.
                                )    05-40039-DPW
     v.                         )
                                )
DAVID L. WINN, WARDEN,          )
     Respondent.                )
```

                        MEMORANDUM AND ORDER
                            May 19, 2005


    Petitioner has been convicted of international parental kidnapping. <u>United States v. Raheman</u>, 355 F.3d 40 (1st Cir. 2004)(remand for resentencing); Nos. 04-1353, 04-1572, 04-2504 (1st Cir. May 11, 2005)(affirming amended judgments and revocation of supervised release). He is now serving a prison sentence for violation of his terms of supervised release. He is subject to an immigration detainer as well. He brings this petition for habeas corpus under 28 U.S.C. § 2241 seeking good time credits and release to a Community Corrections Center. I find he is not entitled to that relief in this proceeding and will direct the clerk to dismiss this action.

    1.    As a procedural matter, petitioner stumbles at the threshold because he has failed to exhaust his administrative remedies with the Bureau of Prisons for seeking the relief he requests in this proceeding. See <u>Rogers v. United States</u>, 180 F.3d 349, 358 (1st Cir. 1999). Cf. <u>Sitcha v. MacDonald</u>, 2005 WL 736521, at *6 (D. Mass., March 31, 2005) ("[T]he law of this

circuit, as it is emerging, is that habeas petitions in the immigration context--absent extraordinary circumstances--ought not be entertained by district court where the petitioner has failed to exhaust the administrative and judicial remedies . . . .") (emphasis removed).

    2.   Petitioner's claims for good time credits fail as a substantive matter. The period served in a Community Correction Center as a condition of supervised relief is not imprisonment of the type giving rise to credits against an incarcerative sentence. Cf. Reno v. Koray, 515 U.S. 50 (1995); United States v. Zackular, 945 F.2d 423 (1st Cir. 1991). Consequently, that period does not provide a basis for good time credits.

    3.   Petitioner's claim for Community Correction Center placement is also unavailing as a substantive matter. Bureau of Prisons' policy provides that prisoners subject to immigration detainers may not ordinarily participate in Community Correction Center programs. This policy seems well founded and denying such placement to petitioner is not an abuse of discretion by the Bureau of Prisons.

/s/ Douglas P. Woodlock
_____
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE