UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FAZAL RAHEMAN
    Petitioner

V

DAVID WINN
    Respondent

No. 05-40039-DPW

**Reply Brief**

    Respondent does not dispute any of the factual bases of petitioner's claims. Nonetheless, the respondent overwhelms the court with 100s of pages of irrelevant material, which is not even remotely related to the issues at bar. Petitioner has therefore moved to strike the irrelevant material.

    The core question presented a strictly legal question of construing the nature of CCC commitment order[1]. And, if it was official detention, whether 59 days detention in CCC warrants a credit[2]. Respondent does not controvert the nature of these two claims. Instead focuses exclusively on "exhaustion of administrative remedies" and "ineligibility for CCC placement". In the interest of judicial economy and expedient disposition of the case, the third question pertaining to "CCC placement" is withdrawn from consideration for mootness as petitioner's alleged release date is less than two weeks away.

---

[1] Whether an order of commitment to CCC during the pendency of Appeal is official detention under 18 USC §3585 for the purpose credit for prior custody? See Petition,p1.

[2] If yes, whether Reno v Koray, 515 US 50, 61, 63 (1995) and Goldings v Winn, 383 F 3d 25, 30 (1st Cir 2004) mandate a credit of 59 days the Petitioner spent in BOP custody in CCC? Id,p1.

### Exhaustion of administrative remedies

This Honorable Court has already told the respondent in Monahan v Winn, 276 F Supp 2d 196(D Mass 2003), there will be "urgency in exercising jurisdiction when attempts to exhaust other remedies are exercise in futility". See Petition, p3 (citations omitted). Respondent however avers:

> "Petitioner may take the position that he is entitled to an exception to the common-law exhaustion rule because he does not have the time to undertake the administrative process close to the end of his sentence.  It is true that exceptions may be made to the traditional exhaustion rule for prisoners, but this is not the case to meet the high hurdle required for an exception."

See Opposition To Petition For Habeas Corpus, p7-8.  Petitioner already made his position clear and established that he met the four-prong test for exemption from the exhaustion rule.  See Petition p3-4 citing Guitard, 967 F 2d 737, 741(2nd Cir 1992). Subsequent to Guitard in McCarthy v Madigan, 117 L Ed 2d 291 (1992), Supreme Court gave succinct definition of circumstances in which the exhaustion concerns apply.

> "Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise".

Id,299(citations omitted).  The core question before this Honorable Court, whether an order made when the appeal was still pending was a sentence modifying judgment or an order of detention, is neither within BOP's exercise of discretionary power nor within its special expertise.

> Notwithstanding these substantial institutional interests, federal courts are vested with a "virtually unflagging

2

obligation" to exercise the jurisdiction given them. We have no more right to decline the exercise of jurisdiction which is given, then to usurp that which is not given.

McCarthy, 300(citations omitted). Therefore the Court wrote;

> "[A]dministrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further." Application of this balancing principle is "intensely practical, because attention is directed to both the nature of the claim presented and the characteristics of the particular administrative procedure provided.

Id, 300. "Court's precedents have recognized at least **three broad sets of circumstances** in which the interests of the individual weigh heavily against requiring administrative exhaustion." Id.

> **First** requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action. Such prejudice may result, for example, from an unreasonable or indefinite timeframe for administrative or indefinite timeframe for administrative action.

Id, 300. "[A]dministrative remedy often deemed inadequate most often because of delay by the agency" Id, 300-301. Petitioner has shown that he promptly approached the authorities for administrative remedies[3], the moment he received his sentence computation sheet.

> "Petitioner immediately brought the discrepancy to the notice of his Case Manager, who advised him to take it to the Inmate Systems, who actually compute the release date. On December 22, 2004, Petitioner filed a written grievance with the Inmate

---

[3] "On or about December 16, 2004, Petitioner received a copy of his Sentence Monitoring Computation Data Sheet calculating July 30, 2005 as his projected GCT release date. See Appendix [A1-7]. To Petitioner's surprise the sentence computation did not include the credit for the 59 days (from 2-18-04 through 4-16-04) he had spent in CCC detention, which was neither part of his maximum permissible sentence of 36 months for the 18 USC §1204 offense, nor part of the condition of supervised release, both of which were under review before First Circuit, when the District Court ordered the CCC placement on February 12, 2004". See Petition, p2., citing[A.4].

> Systems, [A.8], which was promptly responded on December 28, 2004, denying the credit. - - - On January 3, 2005, Petitioner again filed a response to the denial,[A.10-11]. [Respondent did] not responded to Petitioner's submission, thereby making it impossible to take the dispute to the next level of remediation".

Petition,p2-3.  "[C]laimant is not required indefinitely to wait a decision - - before applying to a federal court for equitable relief." Id, 301 (citations and internal quotes omitted)(emphasis added). Nevertheless, petitioner waited more than a month for response, and eventually out of frustration filed the instant petition. Petitioner had no choice when he was blocked in the first step itself by BOP.  Respondent frivolously states:

> "The period for which Petitioner seeks GTC's from this Court ended more than 13 months ago, and Petitioner had ample, indeed, voluminous, time to present his challenge through BOP procedures. Accordingly, there is no reason to waive the requirement of exhaustion for this Petitioner."

See Opposition To Petition For Habeas Corpus, p8. It is nonsensically absurd to suggest that petitioner would start his administrative remedies "13 months ago" (or 10 months before he even came into BOP custody and received his sentence computation sheet). Exhaustion of BOP administrative remedy is a minimum 4 to 6 months process if all the steps in the process move promptly without delay.  There is no conceivable way petitioner could have consummated the remedial process without incurring irreparable injury of mooting his claim.  McCarthy Court further elaborated:

> "**Second**, an administrative remedy may be inadequate because of some doubt as to whether the agency was empowered to grant effective relief.  For example, an agency, as a preliminary matter, may be unable to consider whether to grant relief because it lacks institutional competence to resolve the particular type of issue presented, such as"

4

<u>Id, 301</u>, BOP indeed "was powerless to grant any appropriate relief in face of prior controlling", Bureau policy. <u>Id</u>,301-302,

> **Third**, an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it [or review] "would be to demand a futile act" "administrative procedures must not be used to harass or otherwise discourage those with legitimate claims."

<u>Id</u>,302(citations & internal quotes omitted). Finally the Supreme Court concluded:

> "It is the intent of the Congress that the court not find such a requirement of exhaustion appropriate in those situations in which the action brought raises issues which cannot, in reasonable probability, be resolved by the grievance resolution system."

<u>Id</u> 303,n4. Petitioner's burden for not finding the requirement of exhaustion appropriate is only "reasonable probability" that issues cannot be timely resolved by BOP. He easily meets that burden.

To the same effect as "reasonable probability" standard of <u>McCarthy v Madigan</u>, supra, some circuits have considered non-exhaustion of administrative remedy as a procedural default, and used the "Cause and Prejudice" standard for review of a procedurally defaulted claim[4]. The cases cited by respondent are not relevant, because, either they mandate statutory exhaustion requirement[5] or they lacked the "reasonable probability" / "Cause

---

[4] "Third Circuit adopted Supreme Court's cause and prejudice rule of procedural default first articulated in Davis v United States, 411 US 233, 36 L Ed 2d 216(1973)". <u>Moscato v Federal Bureau of Prisons</u>, 98 F 3d 757,762(3rd Cir 1996).

[5] <u>Beharry v Ashcroft</u>, 329 F 3d 41,58(2nd Cir 2003)(concerns statutory exhaustion requirement of INA §106(c), <u>Sayyah v Farquharson</u>, 382 F 3d 20 (1st Cir 2004)(INA §242(d)(1) explicitly mandates exhaustion)

5

and Prejudice" factual elements for waiver of exhaustion[6]. Second Circuit "noted the distinction between statutory exhaustion requirements and the common-law exhaustion doctrine:

> Two kinds of exhaustion doctrine are currently applied by the courts, and the distinction between them is pivotal. Statutory exhaustion requirements are mandatory, and courts are not free to dispense with them. Common law (or "judicial") exhaustion doctrine, in contrast, recognizes judicial discretion to employ a broad array of exceptions that allow a plaintiff to bring his case in district court despite his abandonment of the administrative review process."

Beharry v Ashcroft, 329 F 3d 41, 58(2nd Cir 2003). The respondent agrees that the instant case concerns common law exhaustion and not statutory exhaustion. See Opposition, p 7-8. For all the above reasons the "futility of administrative remedy would excuse the

---

[6] Moscato v Federal Bureau of Prisons, 98 F 3d 757, 760(3rd Cir 1996)(Moscato was serving a long sentence, and therefore present no "cause" for failure to exhaust his administrative remedies)
Flanagan v United States, 868 F 2d, 1544(11th 1989)(Flanagan was serving a 3-year sentence, yet he made no efforts of seeking administrative remedies. Neither there was cause nor prejudice to overcome his procedural default).
United States v Brann, 990 F 2d 98, 103(3rd Cir 1993)(Brann moved for credit at sentencing even before he was assigned to BOP custody. The question of cause and prejudice did not arise because "[t]he issue of  - - credit of any prior custody to the term of Brann's sentence [wa]s not ripe").
Soyka v Aldredge, 481 F 2d 303(3rd Cir 1973)(Soyka was serving two separate 5 and 10-year sentences. There was no showing of cause and prejudice for his procedural default).
Arias v US Parole Commission, 648 F 2d 196,199(3rd Cir 1981) Arias was serving 8 year sentence, and when the "Commission made a good faith decision to reopen the case," so that he could exhaust his administrative remedies, there was no cause or prejudice).
Richmond v Scibana, 387 F 3d 602, 604(7th Cir 2004)("Richmond had never asked the Warden or anyone else at the Bureau of Prisons" for 16 months)
Rogers v United States, 180 F 3d 349, 351(1st Cir 1999)(Rogers was serving "a mandatory 15 year sentence". His §2255 petition, wherein prison warden was not a party, obviously was not the right vehicle. Moreover his long sentence did not create any "cause and prejudice" to excuse exhaustion of administrative remedies.

failure to exhaust" in the instant case, and the Honorable Court will find no obstacle in reviewing merits of petitioner's claim.

**CCC Confinement was "Official Detention" Therefore Warrants Credit**

Petitioner averred that the District Court did not have jurisdiction to modify judgment, which was still under appeal[7]. Any revocation or modification of supervised release triggers defendant's right to allocution and advice on right of appeal. See Petition, p5. Notably, respondent does not deny that the February 12, 2004 hearing did not have any of the mandatory ingredients of a sentencing hearing. Neither does respondent controvert that the District lacked authority to modify a sentence, which was still under appeal. But without providing any reasoning insists that the CCC confinement is a modified condition of supervised release. Supreme Court has recently resolved a conflict between the circuit courts regarding the right of allocution in modification of supervised release[8] by amending rule 32.1 and explicitly providing

---

[7] It is a well settled doctrine that pending appeal "divests a district court of authority to proceed with respect to any matter touching upon, or involved in, the appeal." United States v Brooks, 145 F 3d 446, 455(1st Cir 1998) citing United States v Mala, 7 F 3d 1058, 1061 (1st Cir 1993). United States v Ransom, 866 F 3d 574 , 576 (2nd Cir 1989) ("a district court [may] act to modify a judgment substantively only in the absence of a pending appeal", May v Sheehan, 226 F 3d 876, 879 (7th Cir 2000)(same), also 9 Moore's Federal Practice ¶203.22, at 3-45 n1 (2d ed 1988).

[8] There was a conflict amongst the circuits as the right of allocution in supervised release-sentencing proceedings. United States v Iverson, 90 F 3d 1340, 1341(8th Cir 1996) citing an analysis of various Circuit Court opinions in United States v Carper, 24 F 3d 1157, 1158-62(9th Cir 1994).

7

"the right of allocution to a person in a hearing in which the terms or conditions of probation or supervised release may be modified." See Criminal Law Reporter, May 4, 2005, Vol 77, No.5, p113 (emphasis added). Without allocution a District Court can order "official detention" but not modify a sentence of supervised release.

None of the cases cited by respondent[9] overrules the First Circuit's reading of Reno v Koray, 515 US 50, 63-65 (1995) that,

> "detention in a CCC subject to the control of BOP may be credited against a term of imprisonment under 18 USC §3585".

See Goldings v Winn, 383 F 3d 17, 28 (1st Cir 2004)

> While Goldings clarified that Supreme Court in Koray authorized credit by BOP for an "official detention" in a CCC and not a pretrial conditional release to CCC under Bail Reform Act, the First Circuit in Martin infra, "join[ed] the other courts of appeals in - - allowing crediting of probation against imprisonment" by a re-sentencing court.  United States v Martin, 363 F 3d 25, 38 (1st Cir 2004).

Petition, p6.  Respondent did not present any opposition to the first question.  Hence in view of clear mandate of rules of criminal procedure, the February 12, 2004 hearing cannot be considered to be modifying the supervised release condition nor it is to be construed as bail hearing because no prosecution was pending to raise bail concerns.

Finally, it is settled practice in this Circuit that "a trial court's characterization of its own ruling neither determines nor

---

[9] United States v Iverson, 90 F 3d 1340,1341(8th Cir 1996) (Of course home confinement cannot be credited); United States v Horek, 137 F 3d 1226, 1229(9th Cir 1998)(4 months in CCC was part of Horek's final sentence of probation, therefore could not be credited towards the subsequent imprisonment).

8

controls the classification of that ruling." <u>United States v Flemmi</u>, 225 F 3d 78, 84 (1st Cir 2000). What controls is the permissible classification of that ruling. In the instant case, when the appeal was still pending, to construe that the District Court modified the sentence or imposed a new sentence is not permissible under the Rules of Criminal Procedure Code. The only permissible characterization of the District Court's ruling is that it was a "detention order". And if petitioner spent 59 days in CCC pursuant to that order, he is entitled to credit of 59 days as a matter of law, which establishes his release date as June 1, 2005.

## Conclusion

For all the above reasons the petitioner respectfully prays that the Honorable Court grant his petition and order respondent to credit 59 days of CCC confinement to his sentence.

Respectfully submitted,

Fazal Raheman
Pro Se Petitioner
Reg No. 46236-008, FMC, Devens,
Ayer, MA 01432

## CERTIFICATE OF SERVICE

I, Fazal Raheman, hereby certify that I served a copy of the foregoing pleading on the counsel for respondent Ms Anita Johnson, AUSA, One Courthouse Way, Suite 9200, Boston, MA 02210, by depositing in the FMC Mailing System first class postage prepaid on May 18, 2005.

Fazal Raheman

9